T-R INDIAN RIVER ORANGE COMPANY v. R. D. KEENE.

168 So. 408.
Division B.
Opinion Filed May 22, 1936.

*James J. Jackson,* for Appellant;

*Duncan, Hamlin & Duncan,* for Appellee.

BUFORD, J.—The appeal brings for review order denying motion to dismiss bill of complaint and denying motion to strike certain parts of the bill of complaint. The motion to strike was addressed to the whole bill of complaint upon the ground that the domicile of defendant was in Brevard County, Florida, while the suit was filed in St. Lucie County, Florida, without the filing of a good faith affidavit. This ground appears to have been abandoned as it is not mentioned in the brief.

The motion also was to strike sub-paragraph 8 of paragraph 3 of the bill of complaint and the 2nd paragraph of the prayer. Sub-paragraph 8 of paragraph 3 of the bill is a quotation of a part of the mortgage sought to be foreclosed and certainly motion to strike the same would not lie.

The prayer referred to was a prayer for the appointment of a Receiver. The motion to strike the prayer was properly denied. The mortgage specifically provided as a contract between the parties that under certain conditions which were alleged in the bill of complaint to have transpired, the mortgagee should have the right to the appointment of a Receiver. Whether or not the mortgagee was entitled to the appointment of a Receiver was a justiciable question to be determined upon facts presented to the Chancellor.

It is also contended by the appellant that the motion to dismiss should have been granted because it was not specifically alleged in the bill of complaint that the holder of the legal title to the property involved at the time the suit was filed was made a party defendant.

It is well settled that the owner of the legal title of land covered by a mortgage is a necessary party to a suit to

foreclose the mortgage and if such holder of such legal title is not made a party to the suit his title will not be affected by a decree and sale. Berlack v. Halle, 22 Fla. 236; Oakland Properties Corporation v. Hogan, 96 Fla. 40, 117 So. 846; Jordan v. Sayer, 29 Fla. 100, 10 So. 283; Dundee Naval Stores Co. v. McDowell, 65 Fla. 15, 61 So. 108.

It is also held that "where different persons have rights or interests in specific land the foreclosure of a mortgage upon the land affects the rights and interests of only such persons as are made parties actually ·or constructively to the foreclosure proceeding." Dundee Naval Stores Co. v. McDowell, *supra.*

In Jordan v. Sayer, 24 Fla. 1, 3 Sou. 329, it was held: "A purchase by the owner of a mortgage at a sale under a foreclosure proceeding to which the person owning at the institution of the suit the legal title of the land mortgaged was not a party, does not prevent or bar subsequent foreclosure suit to which the person who may own the legal title at the institution of the latter suit is made a party."

Thus, it will be seen that a foreclosure suit may be maintained, although the holder of the legal title is not made a party to the suit.

Section 17, 1931 Chancery Practice Act, provides as follows: "Where the defendant shall by his answer suggest that the bill of complaint is defective for want of parties, the plaintiff may, at or before the next rule day, or at any other time by special leave of the court, assign the cause for argument as a motion upon that objection only; and where the plaintiff shall not so assign the cause, but shall proceed therewith to a hearing, notwithstanding an objection for want of parties taken by the answer, he shall not at the hearing of the cause, if the defendant's objection shall then

be allowed, be entitled as of course to an order to amend his bill by adding parties; but the court shall be at liberty to dismiss the bill, or to allow an amendment on such terms as justice may require."

Under this section Mr. McCarthy, in his Second Annotated Edition of the Act, says:

"Florida equity rule 33 is almost identical with the provisions of Order XXXIX of the English High Court of Chancery (1841), from which it was derived through old federal equity rule 52 (1842). See Daniell's Ch. Pl. & Pr., 6th Am. Ed. Vol. 1, p. 290. Under this section, instead of 'setting down' the objection 'within fourteen days after answer filed,' as required by Florida equity rule 33, it may be assigned for argument at or before the next rule day, or at any other time by special leave of the court. See Supreme Court form No. 12 in the Appendix, p. 182.

"This section was applied by granting a separate hearing upon an objection for want of parties made in the answer in the case of Meier v. Johnston, 110 Fla. 375, 149 So. 185. In that case the lower court overruled the objection by sustaining plaintiff's motion to strike that part of the answer. But Supreme Court form No. 12 does not seem to contemplate a motion to strike.

"If the plaintiff fails either to assign the objection for argument on or before the next rule day after answer filed or thereafter to obtain special leave of court for that purpose, the penalty, it has been said, is that he will not be permitted to amend as of course, but only upon terms. See Daniell's Ch. Pl. & Pr., 6th Am. Ed., Vol 1, p. 291. This section apparently gives the court discretion to dismiss the bill without permitting an amendment, where the plaintiff has not assigned it for argument. But an order or decree dismissing the bill for want of parties should be without

prejudice. Story, Eq. Pl. 10th Ed. Sec. 541, p. 470; Mallow v. Hinde, 12 Wheat. (U. S.) 193, 199, 6 L. Ed. 599, 601; Hunt v. Wyckliffe, 2 Pet. (U. S.) 201, 7 L. Ed. 397; House v. Mullen, 22 Wall. (U. S. 42, 22 L. Ed. 838; Kendig v. Deane, 97 (U. S.) 423, 24 L. Ed. 1061."

In the instant case there is nothing to show that objection was made presenting the question of want of parties. The motion to dismiss did not specifically allege as a ground for such motion that the holders of the legal title were not made parties to the suit, nor yet, that the bill did not allege that holders of the legal title were parties to the suit. The fact is that, for all that appears now of record, the defendant may have been and may be the holder of the legal title to the property, and, if so, it will be bound by the decree.

There being no reversible error disclosed by the record, the orders appealed from should be affirmed.

It is so ordered.

Affirmed.

Ellis, P. J., and Terrell, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.