R. M. SECREST, *et ux., et al.,* v. R. I. W. WATERPROOFING & DECORATING CO., INC., *et al.*

173 Sou. 436.
Opinion Filed March 29, 1937.

*I. P. Henderson,* for Appellants;
*Leonard Epstein* and *Shutts & Bowen,* for Appellees.

BUFORD, J.—The appeal is from an order appointing a Receiver in a mortgage foreclosure case. There was no prayer in the bill of complaint for the appointment of a Receiver.

After decree *pro confesso* had been entered against the appellant and others, application was made without notice for the appointment of Receiver. On application of R. I. W. Waterproofing & Decorating Co., Inc., verified under oath, Receiver was appointed.

The pertinent allegation of the petition was:

"That the property is in possession of the plaintiff and one parcel of the property is in possession of R. M. Secrest and Virginia L. Secrest, his wife, against whom a Decree *Pro Confesso* has been entered in this cause; that the property in possession of the said R. M. Secrest and Virginia L. Secrest, his wife, is the only improved property involved in this suit and the rents and profits from said property amounts to approximately One Hundred ($100.00) Dollars per month, and more in the Winter Season; that a receiver is necessary to protect the property and interest of the defendants in the rents and profits therefrom; that the hurricane season is at hand and the property should be properly covered by insurance and protected against loss by the elements and fire."

Section 73 of the Chancery Practice Act of 1931 provides as follows:

"In all cases of application for injunction, the judge to whom presented, before granting the same, shall be satisfied that sufficient notice of the application has been given to the party sought to be enjoined and of the time and place when the motion is to be made, and no order for such injunction shall be granted without such notice, unless it is manifest to such judge, from the sworn allegations in the

bill or the affidavit of the complainant or other competent person, that the injury apprehended will be done if an immediate remedy is not afforded, when he may grant instanter an order restraining the party complained of until the hearing or the further order of the court, which restraining order shall have all the force of an injunction until rescinded or modified by the Court."

Section 74 of that Act provides:

"The provisions of the foregoing section as to notice shall apply to applications for the appointment of receiver or other extraordinary remedy in equity to the extent that may be applicable."

There having been no prayer for Receiver in the bill of complaint the petition for the appointment of a Receiver contemplated the issuing of process which was not contemplated by the original bill of complaint. Therefore, decree *pro confesso* did not operate against the opposing parties upon the question of the right to appointment of Receiver.

Under the statute the parties in possession of the property against whom the decree *pro confesso* had been taken on an unverified bill of complaint and in which the appointment of Receiver was not suggested were entitled to notice and entitled to be heard on the question of appointment of a Receiver. The allegations of the petition were entirely insufficient to warrant the appointment of a Receiver without notice.

The order appealed from should, therefore, be reversed.

It is so ordered.

Reversed.

WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.