R. W. HOLDING CORPORATION, R. M. SECREST, *et al.*, v.
R. I. W. WATERPROOFING & DECORATING COMPANY,
INC., *et al.*
179 So. 753.
Division B.
Opinion Filed February 9, 1938.
Rehearing Denied March 29, 1938.

*I. P. Henderson, for* Appellants;

*Leonard Epstein* and *Shutts & Bowen,* for Appellees.

PER CURIAM.—The R. W. Holding Corporation filed its bill of complaint against the R. I. W. Waterproofing & Decorating Co. and the Miami Herald Publishing Co.,

seeking to re-foreclose its mortgage as to the rights of
these defendants in and to part of the property encum-
bered by said mortgage, said defendants having been
omitted as parties defendant from the prior foreclosure
proceeding.

The bill of complaint alleged substantially that on April
1, 1927, the New York Decorating Co., which name was
later changed to the R. I. W. Waterproofing & Decorating
Co., executed to Grace Cain its promissory note for
$2,000.00, secured by a mortgage of even date, encumber-
ing, in addition to other property, the following described
property:

"Lot seventeen (17), Block eighty-six (86), Section four
(4), MIAMI SHORES, according to plat thereof recorded in
Plat Book 15, Page 14, of the Public Records of Dade
County, Florida.

"Lots one (1), twenty-eight (28), twenty-nine (29),
thirty (30) and thirty-one (31) of Block thirty-nine (39),
of NEW BISCAYNE according to Samuel Rhodes Plat thereof
recorded in Plat Book 'B,' Page 16 of the Public Records
of Dade County, Florida.";—that at the time of the execu-
tion of said note and mortgage, the defendant R. I. W.
Waterproofing and Decorating Co., then the New York
Decorating Co., was the owner of the legal title to the en-
cumbered property, and is now the owner of the legal title
to Lot 17, Block 86, Section 4, Miami Shores; that de-
fendants have or claim some right, interest, lien or claim
in and to the property sought to be foreclosed here, but
such is subservient to the lien of plaintiff's mortgage; that
said note and mortgage were assigned by Grace Cain to
plaintiff, who is the owner and holder thereof; that there
is a balance due on the mortgage of $1,031.41. together
with interest at the rate of 8% since February 17, 1932;

that plaintiff paid $25.50 on October 16, 1933, and $31.50 on October 17, 1933, for continuation of abstracts to the property, which sums are due with interest from the dates thereof; that on September 2, 1933, plaintiff filed its bill of complaint seeking to foreclose this mortgage, but the bill was defective in that the R. I. W. Waterproofing & Decorating Co. and the Miami Herald Publishing Co. were inadvertently omitted as parties defendant; that final decree was entered therein in favor of plaintiff, the property described in said mortgage was sold by the Special Master on the November rule day in 1933 to plaintiff for $1,000.00, the sale was confirmed, and a Master's deed therefor issued to plaintiff; that plaintiff has never relinquished its lien as evidenced by said mortgage.

The R. I. W. Waterproofing & Decorating Co., filed its answer and counter-claim. The pertinent allegations of the answer are that said mortgage encumbers three separate pieces of property described as follows:

"1. Lot seventeen (17) Block eighty-six (86), Section four (4), Miami Shores, according to plat thereof, recorded in Plat Book 15, Page 14, of the Public Records of Dade County, Florida;

"2. Lots one (1), twenty-eight (28), twenty-nine (29), thirty (30) and thirty-one (31) of Block thirty-nine (39), of New Biscayne, according to Samuel Rhodes Plat recorded in Plat Book 'B,' page 16, of the Public Records of Dade County, Florida;

"3. Lot ten (10), Block twenty-seven (27), of Samuel Rhodes Amended Plat of New Biscayne, according to Plat thereof, recorded in Plat Book 'B,' Page 16, of the Public Records of Dade County, Florida.";—that this defendant has an interest in these properties because it is mortgagor in said mortgage, and has made all payments thereon as

alleged in the bill of complaint; that this defendant owns the three abstracts on the properties, in plaintiff's possession, and defendant is willing to pay for their continuation; that this defendant has never been made a party in any foreclosure of the property encumbered by said mortgage, and it was omitted as a party defendant in the prior foreclosure proceeding.

The pertinent averments of the counter-claim were that this defendant, not having been made a party defendant in the prior foreclosure proceeding, be permitted to redeem said properties by payment of the sum due on the mortgage, which it is ready, able and willing to pay; that on February 21, 1934, plaintiff, by warranty deed, conveyed Lot 10, Block 27 of Samuel Rhodes Amended Plat of New Biscayne to R. M. Secrest and Virginia L. Secrest, his wife, who have been in possession of said property from the date of its conveyance to the present, said warranty deed being obtained while this mortgage was on record and notice to the Secrests of this defendant's outstanding rights therein. The prayer of the counter-claim asked that this defendant be allowed to redeem the property herein upon paying the sum found to be due; that the use value of the premises for the time occupied by the Secrests be determined and credited on the amount due plaintiff; that the deed of said property to the Secrests be declared null and void and cancelled of record; that upon payment of the amount due, plaintiff cancel the note and satisfy the mortgage, and deliver the three abstracts of the properties to this defendant.

Summons in chancery to R. M. Secrest and Virginia L. Secrest, his wife, was returned unexecuted, because neither could be found in Dade County, Florida, and service by

publication was resorted to as a means of bringing the parties into court.

The counterclaim was amended by adding the names of Richard F. Knapp and Frances Knapp, his wife, Francis M. Carrin and Aileen Carrin, his wife, Harry Bondell, his wife, and Howard T. Carrin and Doris Carrin, his wife, as defendant, all of whom were personally served except the latter two, Howard T. Carrin and Doris Carrin, his wife.

Motion to dismiss the counterclaim with the amendment thereto was denied and plaintiff given 15 days in which to reply thereto.

For failure to appear, answer or move to dismiss the answer and counterclaim of defendant, decree *pro confesso* was entered against Harry Bondell and Mildred Bondell, his wife, Francis M. Carrin and Aileen Carrin, his wife, and Richard F. Knapp and Frances Knapp, his wife.

On June 1, 1936, decrees *pro confesso* was entered against R. W. Secrest, instead of R. M. Secrest, and Virginia L. Secrest, his wife, for failure to appear, answer or move to dismiss the answer and counterclaim.

After admitting that the R. I. W. Waterproofing & Decorating Co. was not made a party defendant in the prior foreclosure proceeding and that plaintiff made the conveyance of land to R. M. Secrest and Virginia L. Secrest, his wife, as alleged, plaintiff's reply alleged in defense of the counterclaim that on or about September 15, 1927, the R. I. W. Waterproofing & Decorating Co., then the New York Decorating Co., conveyed to Sarah Neham, by warranty deed, Lots 1, 28, 29, 30 and 31 of Block 39, and Lot 10 of Block 27, all of said New Biscayne, and after that date the R. I. W. Waterproofing & Decorating Co. had no right, title, interest, equity or claim in and to said property, that

Jacob Neham is the father of Harry, Isadore, Esther, Bertha and Miriam Neham, and was the husband of Sarah Neham prior to her death; that on October 4, 1930, Sarah Neham died intestate, seized and possessed in fee simple of Lots 1, 28, 29, 30 and 31 of Block 39, and Lot 10 of Block 27 of New Biscayne, leaving as her only heirs her husband, Jacob Neham, and her children, Harry, Isadore, Esther, Bertha and Miriam Neham, and said heirs remained seized and possessed of said property until divested of their title thereto by the prior foreclosure proceeding; that the final decree in the prior foreclosure proceeding found that there was due plaintiff $1,431.93, with interest from October 17, 1933, and a Special Master's fee of $25.00, and that nothing had been paid thereon except the amount of plaintiff's bid at said sale of $1,000.00; that from December 31, 1930, plaintiff paid $279.58 for taxes on the land described in the bill of complaint, which sum with interest thereon is due, and is secured by plaintiff's lien on said land; that the R. I. W. Waterproofing & Decorating Co. had notice of the prior foreclosure proceeding, because Jacob Neham, an officer of said corporation, was advised of the personal service on Harry and Isadore Neham; that while the prior foreclosure proceeding was pending, Harry Neham removed or caused to be removed from the premises being foreclosed, valuable plumbing fixtures, for which he has never accounted to plaintiff, and a rule to show cause was issued to him which he moved to quash, all of which was known by Jacob Neham and R. I. W. Waterproofing & Decorating Co.

The cause was referred to H. H. Eyles, as Special Master, to take testimony and report it back to the court, together with his findings and recommendations thereon.

After considering the evidence introduced before him,

the Special Master made his report to the court, the gist of that report being that the R. I. W. Waterproofing & Decorating Co. was not entitled to redeem the property conveyed to R. M. Secrest and Virginia L. Secrest, his wife, but the said defendant was entitled to redeem the two vacant parcels of land by paying $953.72 and costs, which sum was arrived at by deducting from the amount found due by the final decree in the prior foreclosure proceeding, the amount bid at the sale held by the Special Master thereunder, and adding the amount of taxes paid by plaintiff and interest due since that time.

Exceptions were filed to the report of the Special Master by the R. I. W. Waterproofing & Decorating Co., which exceptions were sustained by the court and the cause re-referred to the Special Master to make his calculations of the amount due on the mortgage indebtedness and of the amount necessary to redeem, taking into consideration payments made by this defendant on the mortgage indebtedness covering all the property covered by the mortgage, and making his findings thereon.

On the same date that exceptions were filed to the Special Master's report, the R. I. W. Waterproofing & Decorating Co. made a motion that the court direct the clerk to enter a corrected decree *pro confesso* against R. M. Secrest and Virginia L. Secrest, his wife.

On August 27, 1936, the court ordered the clerk to enter a decree *pro confesso* against R. M. Secrest and Virginia L. Secrest, his wife, for failure to appear or answer the bill of complaint or counterclaim on June 1, 1936.

Pursuant to the order of court, the clerk entered a decree *pro confesso* against R. M. Secrest and Virginia L. Secrest, his wife, and back dated it as of June 1, 1936.

On September 5, 1936, the defendant, R. I. W. Water-

proofing & Decorating Co., made application for the appointment of a receiver to take charge of the property in the possession of R. M. Secrest and Virginia L. Secrest, his wife, and the Court appointed John C. Gramling, as Receiver. The order appointing the receiver was reversed by this Court because the owners of the property were not given notice of the hearing on the petition asking for appointment of the receiver. R. M. Secrest v. R. I. W. Waterproofing & Decorating Co., 127 Fla. 597, 173 So. 436.

On re-reference neither side took any further testimony, and the Special Master found that there was due plaintiff, without allowing any credits for the amount brought by the first foreclosure sale, $1,031.41 principal; $377.05 interest from February 17, 1932, to September 11, 1936; $339.64 for taxes paid and interest thereon from January 1, 1934, to September 11, 1936, making a total of $1,748.10; that upon payment of this amount to plaintiff or into the court's registry, within a reasonable time to be fixed by the court, the R. I. W. Waterproofing & Decorating Co. shall have the right to redeem said property; that in default of redemption, plaintiff shall have the right to a decree of foreclosure on all of said property for the amount of the indebtedness reported due on said mortgage.

The plaintiff filed exceptions to the report of the Special Master on re-reference.

On September 23, 1936, cross defendants, R. M. Secrest and Virginia L. Secrest, his wife, filed their joint and several motion to set aside the decree *pro confesso* and allow them to file their answer in the cause, because they have been diligent and have a meritorious defense. The grounds of the motion were that the first decree *pro confesso* stated that personal service was had on petitioners whereas service by publication was had, and it did not have appended

thereto, until August 22, 1936, a certificate of the clerk that he had complied with the requirements of Sections 4895 and 4896 C. G. L.; that pursuant to an order of court, the clerk entered another decree *pro confesso,* which recites that it was entered on June 1, 1936, but which is ineffectual against these cross-defendants because the clerk had no authority to back date a decree *pro confesso* or enter an order *nunc pro tunc;* and that the court appointed a receiver who has gone into possession of their property.

An affidavit attached to the petition stated that the cross-defendants received notice of the order of publication on May 12, 1936, and employed Richard Knapp of Miami, Florida, to protect their interests, and they did not know that their interests were not being protected until notified, on September 5, 1936, that a receiver had been appointed for the property, because they have lived in Alameda, California, continuously since April 11, 1935.

The reply of the cross-defendants attached to the petition set out that the mortgage on the property they now own was foreclosed in the prior foreclosure proceeding, and the property was sold at the foreclosure sale to R. W. Holding Corporation, and by it conveyed to the cross-defendants; that the interest of all defendants therein were foreclosed; that cross-defendants have legal title to said property which is superior to the claim of the R. I. W. Waterproofing & Decorating Co.

After appeal had been taken from the order appointing a receiver, John C. Gramling, the Receiver, filed his petition, on November 13, 1936, asking that he be granted compensation of $26.00 for his services, which petition was granted by the court.

Final decree was entered ratifying all decrees *pro confesso* that had theretofore been entered; overruling the ex-

ceptions of the R. W. Holding Corporation to the Special Master's report; denying the motion of R. M. Secrest and Virginia L. Secrest, his wife, to vacate the decree *pro confesso* against them; confirming the report of the Special Master on re-reference and holding that there is due from the R. I. W. Waterproofing & Decorating Co. to the R. W. Holding Corporation $1,748.10, which is a lien on all property described in the mortgage, and said defendant has the right to redeem said property on payment of said sum of money to the plaintiff within 45 days from the date of the final decree; that upon redemption of the mortgaged property, all those in possession thereof shall immediately surrender their possession to said defendant; that said deed from the R. W. Holding Corporation to R. M. Secrest and Virginia L. Secrest, his wife, conveying Lot 10, Block 27, of Samuel Rhodes Amended Plat of New Biscayne be cancelled of record; that if the right of redemption is not exercised, the property shall be sold by the Special Master at public sale, and out of the proceeds arising therefrom he shall pay (1) the costs and the Master's fees, (2) the amount due plaintiff and (3) the surplus, if any, to the solicitor for the R. I. W. Waterproofing & Decorating Co.

Plaintiff, R. W. Holding Corporation, and cross-defendants, R. M. Secrest and Virginia L. Secrest, his wife, in their behalf and in behalf of all other cross-defendants, appealed from the final decree.

The final decree, the order denying the motion to dismiss the counterclaim as amended, the order sustaining exceptions to the first report of the Special Master and re-referring the cause to him, and the order allowing compensation to the receiver, are assigned as error.

The mortgage involved in this case covered three separate parcels of land. Parcel number one consisted of Lot

17, Block 86, Section 4 of Miami Shores; parcel number two consisted of Lots 1, 28, 29, 30 and 31, Block 39, of New Biscayne; and parcel number three consisted of Lot 10, Block 27, of New Biscayne. This mortgage was executed April 1, 1937, by the New York Decorating Co., later known as the R. I. W. Waterproofing & Decorating Co. to Grace Cain, and assigned by her to plaintiff on February 15, 1939.

The record shows that on September 15, 1927, the New York Decorating Co., later known as the R. I. W. Waterproofing & Decorating Co., conveyed to Sarah Neham, by warranty deed, parcels two and three of the property encumbered by the mortgage. The R. I. W. Waterproofing & Decorating Co. admitted execution of that deed by a formal admission in the record. There is no recital in that deed and there is nothing in this record to indicate that the grantor in that deed retained any beneficial interest in either parcel two or three. The reply to the counterclaim alleged that Sarah Neham died intestate on October 4, 1930, while seized and possessed in fee simple of parcels 2 and 3, leaving as her only heirs her husband, Jacob Neham, and her children, Harry, Isadore, Esther, Bertha and Miriam Neham, and that said heirs remained seized and possessed of said property up to the time their title thereto was divested by the prior foreclosure proceeding. No other instrument appears in the record to show that Sarah Neham, prior to her death, ever conveyed that property to another. There is no direct testimony to the effect that Sarah Neham died on the date alleged, but the pleadings in the prior foreclosure proceeding made the heirs of Sarah Neham parties defendant and omitted Sarah Neham as a party defendant, which may be taken as an indication that she was dead at that time. However, whether title to parcels 2 and 3

was in Sarah Neham or in her heirs at the time the counter-claim was filed is not important, because we know that title at that time was not in the one asking that it be per-mitted to redeem the parcels. Thus the R. I. W. Water-proofing & Decorating Co., by its deed of conveyance to Sarah Neham, placed it out of its power to ask that it be permitted to redeem parcels 2 and 3, since there is nothing in the record to show that title thereto ever again vested in the R. I. W. Waterproofing & Decorating Co. In the prior foreclosure proceeding all of the alleged heirs of Sarah Neham were made parties defendant and their rights in and to the property were foreclosed. A sale was had under that foreclosure and the Master's deed transferred title to parcels 2 and 3, together with parcel 1, to the R. W. Hold-ing Corporation, but the record title holder of parcel 1 was not made a party to the proceeding and title thereto could not be transferred by the Master's deed. It is admitted by the pleadings that the R. W. Holding Corporation there-after conveyed parcel 3 to R. M. Secrest and Virginia L. Secrest, his wife. In the instant foreclosure proceeding the R. I. W. Waterproofing & Decorating Co. seeks, by way of counterclaim, to be allowed to redeem all three parcels of land. At the time this counter-relief was prayed for, title, in so far as this record shows, to parcel one was in the R. I. W. Waterproofing & Decorating Co.; title to parcel two was in the R. W. Holding Corporation; and title to parcel three was in R. M. Secrest and Virginia L. Secrest, his wife. The only parcel the defendant could therefore be permitted to redeem was parcel one, 42 C. J. 357, 377; 2 Jones on Mortgages (8th Ed.) 824, Sec. 1354; 2 Wiltsie on Mortgage Foreclosures (4th Ed.) 1422, Sec. 1151.

It appears that, in so far as the parties to this appeal are concerned, parcels 2 and 3 were properly foreclosed

in the prior foreclosure proceeding, and title thereto transferred to the R. W. Holding Corporation. It also appears that parcel 1 was not properly foreclosed as against the record owner of the legal title thereto, the R. I. W. Waterproofing & Decorating Co., but was properly foreclosed as against all of those who had any other interest therein and who were made parties defendant in that proceeding. T. R. Indian River Orange Co. v. Keene, 124 Fla. 343, 168 So. 408; Dundee Naval Stores Co. v. McDowell, 65 Fla. 15, 61 So. 108, Ann. Cas. 1915A 387. A purchase of property, by the owner of the mortgage, at a sale under a foreclosure proceeding, to which the person owning legal title to the land, at the institution of the suit, was not made a party, does not bar a subsequent foreclosure suit in which the owner of the legal title is made a party defendant. Jordan v. Sayre, 24 Fla. 1, 3 So. 329.

It is claimed that on December 31, 1930, the R. I. W. Waterproofing & Decorating Co. paid $1,000.00 on the mortgage indebtedness and asked that parcel number three be released from the lien of the mortgage, under a release clause to that effect in the mortgage. It appears from the record that legal title to parcel three at that time was in another than the R. I. W. Waterproofing & Decorating Co. Thus, at that time, the R. W. Holding Corporation could not release parcel number three to the R. I. W. Waterproofing & Decorating Co. on payment of the $1,000.00, because the latter had, prior to that time, voluntarily conveyed away to another, and has never since then reacquired legal title thereto.

In the prior foreclosure proceeding, the R. W. Holding Corporation bid $1,000.00 for all of the property encumbered by the mortgage, but it appears that only parcels 2 and 3 were successfully foreclosed there. The final de-

cree in the instant foreclosure proceeding permitted the R. I. W. Waterproofing & Decorating Co. 45 days in which to redeem all three parcels of land by payment of $1,748.10, without allowing any credit for the $1,000.00 bid at the prior foreclosure sale. This was clearly error. The public records, at the time the first foreclosure proceeding was instituted, showed that legal title to Parcel 1 was in the R. I. W. Waterproofing & Decorating Co., and yet the plaintiff omitted it as a party defendant in that foreclosure proceeding. It may be presumed that plaintiff, acting in this manner, intentionally omitted the owner of the legal title to parcel 1, and only intended to foreclose on parcels 2 and 3. And likewise it may be presumed that the $1,000.00 bid for the property was intended to be bid for parcels 2 and 3 only. So in the instant foreclosure, which will be effective against parcel 1 only, credit should be allowed on the total amount due on the mortgage indebtedness, for the amount bid at the prior foreclosure sale. Stewart v. Gaines, 103 Fla. 268, 137 So. 794, 138 So. 476.

After an appeal had been taken from the order appointing a receiver and before that appeal had been decided, the chancellor below continued with the disposition of the cause in the lower court, and entered final decree therein. It is contended that the chancellor erred in continuing with the disposition of the cause before the appeal from the interlocutory order had been decided, and the order affirmed or reversed.

."An appeal on an incidental or interlocutory matter does not divest jurisdiction, but the trial court or parties may proceed in matters not involved in the appeal and which are entirely collateral to the part of the case taken up; and, as nothing is in the upper court but the order, a motion for an order in the cause cannot be entertained in that court. The

lower court, however, cannot proceed in such manner as to lead to a decision, pending the appeal, of the very question involved on the appeal, or of a question which cannot properly arise or be determined until after the determination of the appeal." 3 C. J. 1259, Sec. 1371.

We think that no harm was done by continuing with the disposition of the cause below while the order appointing a receiver was pending appeal in the Supreme Court, in so far as the proceedings had below did not affect the order that was appealed and superseded. The only proceeding had below after that appeal had been taken, affecting the matter appealed from, was the motion asking for and the order granting $26.00 compensation to the receiver. The chancellor had no jurisdiction to entertain any motion or to enter any order affecting the receiver, until after the appeal then pending, had been decided in the Supreme Court and the mandate had been received in the lower court. Therefore the order allowing the receiver compensation was void.

It is contended that the original decree *pro confesso* against R. M. Secrest and Virginia L. Secrest, his wife, was void because of certain enumerated defects; and it is also contended that the second decree *pro confesso,* which corrected these faults, was void because it was back dated by the clerk as of June 1, 1936, when the order of the court did not give the clerk that authority. The only purpose in seeking to vacate these decrees *pro confesso* is to allow these cross-defendants to file a reply to the counterclaim. In another part of this opinion we have held that parcel 3 could not be redeemed by the R. I. W. Waterproofing & Decorating Co. at the time the counterclaim was filed; and that the order awarding compensation to the receiver is void. These two things are the only matters in which

these cross-defendants are interested. So all matters affecting their interests have heretofore been determined, and any error that may have been committed in entering either of the decrees *pro confesso* or in refusing to vacate either decree *pro confesso,* was thereby rendered harmless. Sec. 4499 C. G. L.

All other questions presented have been otherwise disposed of, or it becames unnecessary to answer them because of the disposition made of this cause, annd further discussion is deemed unnecessary.

For the error pointed out herein, the cause is reversed and remanded, so that further proceedings may be had, not inconsistent with the views herein expressed.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.