CARROLL, CHAS., Judge.
Appellants, the plaintiffs below, appealed from an adverse final decree in their suit which claimed ownership of, and sought to quiet title to a 25 foot square parcel of land separating Biscayne Bay from a street end.
The property involved was originally a part of lot 17 of block 3 of Fairhaven Amended, a subdivision in Dade County, the plat of which is recorded in plat book 8, page 120 of the public records of the county. The parcel was described in deeds as the “south 25 feet square” of lot 17, and no question is raised as to the identity of the parcel, which we will refer to as the “subject” property. To assist in understanding the nature and location of the *149 parcel involved, and the reservations in the earlier deeds relating to it, we have included a tracing', not drawn to scale, showing a part of the subdivision.

On August 21, 192S, Fairhaven Company conveyed lot 17 of block 3 to one H. J. Goebbels, reserving an easement over the subject property. The wording of that reservation in the 1925 deed to Goebbels was:
“Lot Seventeen (17) Block (3) of Fairhaven according to an amended plat of said subdivision prepared by the Biscayne Engineering Company, recorded in Plat Book 8, Page 120 of the Public Records of Dade County, Florida, excepting only that an easement is reserved by the party of the first part for such persons or corporations as it may designate over that South 25 feet square (fronting on Bay Biscayne) of the above described lot as shown on said plat together with the right to build wharf or dock or similar structure therefrom into the waters of Bay Biscayne.”
Some thirteen years later, on July 23, 1938, H. J. Goebbels joined by his wife conveyed lot 17 of block 3 to Samuel B. Harris and wife and Arthur H. Patten and wife. That deed also contained an exception and reservation for a right of way over the subject property as shown by the following wording:
“All of Lot Seventeen (17) excepting South Twenty-five (25) feet square, same being reserved for right of way, Block Three (3), of Fairhaven, according to an amended Plat of said Subdivision prepared by the Biscayne *150 Engineering Company, recorded in Plat Book Eight (8), page One hundred twenty (120) of the Public Records of the Clerk of the Circuit Court in and for Dade County, Florida.” [Italics supplied.]
The wording of this deed is important because the appellants contend that it operated to reserve to H. J. Goebbels the fee simple title to the subject property, while the appellee Welan Investment Co. argues that the reservation was only of an easement which had been reserved initially in the 1925 deed to Goebbels.
Prior to the 1938 deed from Goebbels to Harris and Patten, the Fairhaven Company, in 1931, transferred to L. E. Kloeber the easement it had reserved in 1925 on the subject property, and in 1935 Kloeber and his wife further transferred such easement on the subject parcel to A-K Corp.
Welan Investment Co. acquired tax certificates covering considerable property in this subdivision, including the subject parcel, and combined them in a tax foreclosure suit which was filed in October of 1938. At that time, A-K Corp. had no title to the subject property, and held only the easement rights thereon which had been reserved initially by Fairhaven Company. The fee simple title to the subject parcel remained in H. J. Goebbels, if his deed to the Harrises and Pattens earlier in 1938 is construed to have reserved the title, or the fee title was in the Harrises and Pattens to whom Goebbels had conveyed lot 17 of which the subject parcel was a part, if Goebbels’ 1938 deed to them is construed to have reserved only the easement.
The appellants claim title to the subject parcel as transferees from Goebbels’ heirs by virtue of quitclaims which they received in November of 1958 from Lester and Martha Goebbels and Earl and Gladys Goebbels. This quiet title suit, which resulted in the decree now under appeal, was commenced December 17, 1958.
There was injected into the suit a counterclaim by Welan Investment Co. against other parties. This appeal does not involve the rulings on the counterclaim other than the ruling that Welan Investment Co. had acquired title to the subject parcel through the tax foreclosure suit.
Accepting as true the assertion of plaintiffs-appellants that in making his deed to the Harrises and Pattens in 1938 shortly prior to the tax foreclosure suit Goebbels excepted and reserved the subject property and hence was the fee simple owner thereof, the trial court held that Goebbels should be considered as sufficiently joined in the suit, although not named as a party defendant, by the joining and service by publication, in addition to the named defendants, of all unknown parties having or claiming an interest in the property. If Goebbels held title to the subject property it was on the basis of the recorded deeds by which he acquired lot 17 and by which he disposed of it with a reservation. On behalf of the defendant it was conceded that no proper title search had been made with reference to the subject property prior to its inclusion in this suit.
Where the name of a titleholder is determinable from a recorded deed, a party holding a lien against the property and seeking to foreclose may not, by simply failing to examine the title, take the position that the owner is unknown and foreclose against him by a general statutory provision for joining all unknown parties having or claiming an interest in the property. Goebbels was not unknown. Moreover, in this case there was no allegation or affidavit asserting that the titleholder was unknown.[1] On the contrary, it was expressly alleged that the defendant A-K Corp. was owner of the legal title, when, according to the public records, that was not so. Therefore, it was error for the chancellor to conclude that by a blanket joinder of all “unknown parties” the plaintiff in the tax foreclosure *151 suit had made the known record owner a defendant. If, as the chancellor assumed, Goebbels was joined and served in the 1938 tax foreclosure suit, then his holding that the present suit to quiet title was a collateral attack on the decree would be a correct ruling. But Goebbels was not joined in the suit, and if Goebbels had held title to the subject property the foreclosure decree and the sale thereunder would be void as to him, and the decree would have been open to direct or collateral attack by him or by those claiming under him, as would be any decree rendered against a necessary party who was not joined and served. See T-R Indian River Orange Co. v. Keene, 124 Fla. 343, 168 So. 408, 409, and cases cited therein.
Therefore, if we were to proceed on the assumption that Goebbels held title to the subject property when the tax foreclosure suit was instituted, we would be required to reverse the decree. But the learned chancellor was correct in decreeing the dismissal of the suit to quiet title and in holding that the equities of the cause were with the defendant Welan Investment Co., not for the reasons stated in the decree, but because, as contended by appellees, Goebbels was not the fee simple owner of the subject parcel at the time of the tax foreclosure suit.
The language quoted earlier in this opinion from the 1925 deed from Fairhaven to Goebbels and the 1938 deed from Goebbels to Harris and Patten shows that Goebbels did not except the 25 foot square parcel from his conveyance of lot 17 other than to reserve it for a right of way. The proper construction to be placed on the reservations in those deeds was that the Fairhaven deed reserved the easement rights for the purposes stated in that deed, and the later warranty deed from Goebbels reserved only the easement as it had been reserved previously by Fairhaven. The intention to reserve the easement is disclosed not only by the wording of the deed, but is to be inferred from the circumstance that such .easement previously had been created and reserved. The Fairhaven easement first reserved in 1925 would have continued in effect on the subject property even if the 1938 deed from Goebbels had failed to renew or repeat the reservation of such easement. See Am.Jur., Deeds, § 304. Moreover, the claim that the 1938 deed excepted the fee title to the subject property fails because of the ambiguity and lack of definiteness and certainty of expression therein (id. § 315), and thus the fee title passed to the grantees (id. § 319) subject to the easement.
At the time of the filing of the tax foreclosure suit in 1938, Goebbels had transferred the title to lot 17, of which the subject parcel was a part, to Harris and wife and Patten and wife, and A-K Corp., by mesne transfers, had succeeded to the reservation of easement rights which the subdivider had imposed. Therefore, Goebbels had no title or interest in the subject parcel, and was not a necessary party in the tax foreclosure suit.
The title holders, as disclosed on the public records, were not joined and served in the tax foreclosure suit. The party alleged therein to be the owner of the fee title held only the easement. Therefore, the foreclosure suit, though maintainable without the presence of the title holders (T-R Indian River Orange Co. v. Keene, supra, 124 Fla. 343, 168 So. 408, 410) did not result in acquisition by the foreclosure purchaser, Welan Investment Co., of the fee simple title to the subject parcel, but only the said easement rights which were foreclosed therein (R. W. Holding Corp. v. R. I. W. Waterproofing & Decorating Co., 131 Fla. 424, 179 So. 753, 758).
Paragraph No. 3 of the decree, holding that “Welan Investment Co. is the owner in fee simple” of the subject property, is modified to eliminate that holding and to provide that said corporation has succeeded to the easement rights thereon as reserved in the Fairhaven deed of 1925.
*152 For the reasons stated in this opinion, the decree, as modified herein, is affirmed.
Modified and affirmed.
HORTON, C. J., and PEARSON, J., concur.

. See §§ 48.07, 48.08, Ma.Stat., E\S.A., relating to unknown parties in connection with constructive service.