PEARSON, Judge.
This appeal is from an order dismissing appellant’s intervention as a party defendant in a condemnation proceeding. The effect of the judgment was to determine that the appellant had no claim to the compensation to be paid in the eminent domain proceeding.[1]
The appellant is the duly qualified administrator, de bonis non cum testamento an-nexo, of the estate of Harold Martin Salvey. After the death of Mr. Salvey and the qualification of the appellant as personal representative, the real property that is the subject of this litigation was sold pursuant to a foreclosure decree. The real property was an asset of the estate (see § 733.01 Fla.Stat., F.S.A.), but the legal title was in two dev-isees. The appellant, as personal representative, and the widow were made parties.
The final decree of foreclosure provided:
“4. The lien of the Plaintiff on the mortgaged property hereinafter described is prior, superior and paramount to all rights, claims, liens, interests, incum-brances and equities of the Defendants, PAN AMERICAN BANK OF MIAMI, as Administrator D.B.N. Cum Testa-mento Annexo of the Estate of Harold Martin Salvey, and GERALDINE STANOVICH (formerly known as Geraldine Salvey).
*47 In addition, Paragraph 13 of the Final Decree provides in pertinent part that:
“13. Upon such confirmation, the Defendants and all claimants by, through or under them, or any of them, shall stand and be forever foreclosed and barred of and from any and all estates, rights, titles, interests, claims, demands, and equities of redemption in and to the said mortgaged property and every part and parcel thereof * *
The question presented on this appeal is whether the personal representative may assert a right to the real property (or the proceeds upon condemnation) for the purpose of paying the costs and expenses of administration when a prior mortgage foreclosure has purported to extinguish the interest of the personal representative. We hold that the personal representative, appellant, is barred by the final decree of foreclosure from a claim to an interest in the property in the condemnation proceedings, and we affirm.
In 1953, Salvey died leaving a will in which his sisters, Florence Miller and Gertrude Newman, were the sole devisees and legatees. The surviving spouse, being omitted from the will, elected to take dower.[2] The estate consisted entirely of real property which was encumbered by mortgages and an income tax lien. The estate is still open. As various properties were sold, the entire proceeds of each sale were used to pay the dower interest in the particular piece of property, the mortgage lien on the property, and the balance in each case was applied against the tax liens. This situation persisted through a sale of six parcels of real estate. Finally, the assets of the estate were reduced to the property which is the subject of this litigation.
In November 1963, suit was filed to foreclose the mortgage. The suit was removed to the United States District Court for the Southern District of Florida. The suit proceeded to decree and sale. The appellees-Donner were the successful bidders at $82,000. Donner then procured quit-claim deeds from the devisees, who had not been parties to the foreclosure.
A devisee, who holds title to real property, is a necessary party to a foreclosure action. Fla.Stat., § 733.02, F.S.A. As the Supreme Court of Florida held in Jones v. Federal Farm Mort. Corp., 132 Fla. 807, 182 So. 226 (1938), at page 228:
“When suit is instituted to foreclose a mortgage made, .executed and delivered .by one who has since the execution of the same died intestate, the heirs at law of such decedent are not only proper but necessary parties to such suit.”
Upon the other hand, Florida has numerous decisions holding that a foreclosure suit may be maintained even though the holder of the legal title to the property is not a party to the foreclosure, but that the decree only establishes the rights of persons who are parties. See T-R Indian River Orange Co. v. Keene, 124 Fla. 343, 168 So. 408 (1936); R. W. Holding Corp. v. R.I.W. Waterproofing and D. Co., 131 Fla. 424, 179 So. 753 (1938); Lynch v. Welan Investment Co., Fla.App. 1961, 126 So.2d 148.
The final decree foreclosed any right of redemption that the personal representative might have had; established priorities, and designated the procedure for disbursing and applying the proceeds of the sale. The decree specifically directed that any surplus was to be deposited in the registry of the court until disbursed in accordance with the further orders of the court.
Since the real property of a decedent is an asset in the hands of the personal representative for the payment of charges and expenses of administration and other desig *48 nated purposes,[3] we assume that the personal representative could have asserted a right in the surplus, if there had been a surplus. See Meyer v. Bricklayers, Masons, etc., Union, Local No. 7, 144 Fla. 401, 198 So. 78 (1940). It is apparent that the personal representative’s attempt to intervene in the condemnation proceeding is nothing more than an attempt to circumvent the final decree of the United States District Court, and that the personal representative has no interest in the real property being condemned.
A query of the appellant in its argument is: Should the court reach this conclusion, what happens to the legal title holders ? Do they have the right to receive their interest in the property free and clear of the charges of probate ? This issue is not a factor on this appeal, but it is clear that the quit-claim deeds, which were made after the foreclosure sale, transferring the de-visees’ interest in the property to the purchaser at the foreclosure sale, do not in any way affect the rights of the appellant. See In re Francis’ Estate, 153 Fla. 360, 14 So.2d 803, 807.
The most telling argument in favor of the personal representative in this case is his insistence that the foreclose of a mortgage, without joining the record title holders for a portion of the land, does not affect the right of redemption of those title holders who are not made defendants. It is pointed out that the presumption in such a case is that the plaintiff intentionally omitted the holders of the legal title to that portion, and only intended to foreclose on the parcel whose title holders were included as parties defendant. See R. W. Holding Corp. v. R.I.W. Waterproofing and D. Co., 131 Fla. 424, 179 So. 753 (1938).
In essence, the argument contends that the appellees should be treated as grantees under the quit-claim deeds. As such, their interest could rise no higher than that of the grantors-devisees, and therefore the personal representative could charge his cost against the property in appellees’ hands or the money they would receive on condemnation.
Conversely, the appellees contend that they should be treated as the purchasers at the foreclosure sale and not as a grantee of a quit-claim deed. As purchasers at a mortgage foreclosure sale, the appellees would stand in the shoes of the mortgagee whose lien was superior to that of the personal representative. Since the personal representative was a party to the foreclosure, he would have been foreclosed of any claim. See Broward v. Hoeg, Fla.1875, 15 Fla. 370.
We have rejected appellant’s contention because this appeal does not concern itself with a direct attack upon a decree, but is actually a collateral attack in a subsequent proceeding. The cited case, R. W. Holding Corp. v. R.I.W. Waterproofing and D. Co., supra, was a direct appeal from a decree foreclosing a mortgage. The court was expressing a rule applicable to a foreclosure of several parcels of property where none of the title holders were included as to one parcel. In the instant case, title to a portion of the property was held by several tenants in common. The parties to the foreclosure action, including the appellant, acted in such a manner as to lead the court conducting the *49 foreclosure, to enter a decree selling all of the property. If the situation was, as now contended, that the court conducting the foreclosure had no right to sell a portion of the property, it was the duty of the appellant to have acted in the court conducting the foreclosure. It should also be pointed out that the United States asserted a tax lien in excess of $100,000.00. in the mortgage foreclosure proceeding. This lien was also foreclosed in that action, and the proceeds of the sale were used to satisfy the lien. The lien was claimed upon all of the property.
It is therefore our conclusion that appellant has waited too long to assert the claimed defect in the foreclosure proceeding.
The question to be decided on this appeal is whether or not the administrator may assert a claim against the property in the hands of the foreclosure sale purchaser. It is urged that the purchaser only acquired a one-third interest, because a two-thirds interest was held by persons who were not a party to the suit. It is true that the foreclosure sale was only effective to pass title to a one-third interest, but the final decree was effective to bar all of the defendants from asserting an interest in the property covered by the mortgage. The failure to join the devisees in no way affected the decree that the Pan American Bank of Miami, as personal representative of the estate of Harold Martin Salvey, could not assert any right in the property.
Affirmed.

. Tampa Suburban Utilities Corporation v. Hillsborough County Aviation Authority, Ma.App.1967, 195 So.2d 568 [opinion filed February 8, 1967].

. Fla.Stat., § 731.34, F.S.A.

. Section 733.01(1), Fla.Stat., F.S.A. provides :
“(1) The personal representative shall take possession of the personal property wheresoever situate of a person who hereafter dies a resident of the state, and shall take possession of the real estate (except homestead) within the state of such a deceased person, and the rents, income, issues and profits therefrom whether accruing before or after the death of the decedent, and of the proceeds arising from the sale, lease or mortgage of the same or any part thereof. * * * All such property and the rents, income, issues and profits therefrom shall be assets in the hands of the personal representative for the payment of legacies, debts, family allowance, estate and inheritance taxes, claims, charges and expenses of administration, and to enforce contribution and to equalize advancement and for distribution.”