Syllabus.

## Staunton.

## LYNCH AND OTHERS V. CLINCH MOTOR COMPANY.

### September 22, 1921.

#### Absent, Kelly, P.

1. APPEAL AND ERROR—*Order Refusing to Dissolve Injunction— Right of Appeal—Effect of Appeal.*—The right of appeal from an order refusing to dissolve an injunction seems to be settled in this State, and is placed on the ground that it adjudicates the principles of the case. But the granting of the appeal does not in any way forestall the order to be made at the hearing. It simply operates to put the case on the docket of the Supreme Court of Appeals for such order to be made therein at the hearing as appears to be right and proper.

2. APPEAL AND ERROR—*Order Refusing to Dissolve Injunction—Remand for Further Proof.*—In the instant case, an appeal from an order refusing to dissolve an injunction, no testimony was taken in the case, but it was heard on purely *ex parte* affidavits. The facts were to be gathered chiefly from the affidavits of the parties themselves, none of whom had been sworn to tell the whole truth, and on some of the most material points the affidavits were in direct conflict.

   *Held:* That, as very serious, if not irreparable, damage might be done to one or the other of the parties if the case was decided on the present record, it should be remanded for proof in the usual form, and then heard on its merits.

3. INJUNCTIONS—*Weight to Which Affidavits Entitled.*—The practice of receiving affidavits on an application for an injunction, or on a motion to dissolve, is too well established in this State to require the citation of authority, but they are not entitled to the same weight as depositions taken after notice to the opposite party and an opportunity for cross-examination.

4. INJUNCTIONS—*Summary Proceedings.*—It is true that, on a pure bill of injunction, very summary proceedings are allowed, and are sometimes necessary, but they must be compatible with the correct decision of the case in question.

Appeal from a decree of the Circuit Court of Washington county.   Decree for complainants.   Defendants appeal.

*Dismissed.*

The opinion states the case.

*Burns & Kidd* and *Bird & Lively,* for the appellants.

*Finney & Wilson* and *S. B. Quillen,* for the appellees.

BURKS, J., delivered the opinion of the court.

R. T. Sutton and C. B. Sutton, partners as Clinch Motor Company, filed their bill in equity to enjoin T. B. Lynch and Joe Monk from going into the automobile and garage business at Lebanon, in Russell county, Virginia, in violation of their alleged contract not to do so within a given time. Lynch and Monk had been engaged in that business as partners under the firm name of Lebanon Garage and Machine Company, for some time prior to January 13, 1919, and both partnerships were so engaged on that date, when the following contract was entered into:

"This contract made this the 13th day of January, 1919, by and between Lebanon Garage and Machine Company, hereinafter known as the party of the first part, and Clinch Motor Company, hereinafter known as party of the second part.

"WITNESSETH:

"That the party of the first part this day sell to party of the second part their garage and shop equipment and accessories which includes Ford and Maxwell parts, party of the first part agrees to sell party of the second part their parts, accessories, shop equipment and building at cost, plus expense of placing same in stock, party of the first part

agrees to not go into garage or automobile business within three years from the above-mentioned date, within a radius of twenty miles on either side of Lebanon, Russell county, Va.

                         " (Signed)
                              "L. G. Mch. Co.,
                                        "By Joe Monk,
                                        "Party of the first part.

"Clinch Motor Co.,
      "By R. T. Sutton, Mgr.,
              "Party of the second part."

Soon after this contract was entered into a corporation was organized and chartered to do a rival business in the town of Lebanon, in which both Lynch and Monk became officers and active participants in the business. The original bill was a pure bill of injunction, but soon after it was filed an amended bill was filed making some changes in and additions to the original bill, and the prayer of the bill was enlarged so as to ask that the defendants be required to compensate the complainants for the damages already done, and for the ascertainment of such damages by proper accounts to be ordered and taken. The application for the injunction, of which notice had been duly given, was to have been heard on January 13, 1920, but owing to causes for which the complainants were not responsible was not heard till March 10, 1920. In the meantime the bill had been amended, and the motion was heard on the original and amended bills, the demurrers and answers to each, and upon affidavits filed by the complainants and the defendants. Written briefs were also filed by counsel on both sides. Upon this hearing the demurrers were overruled, and the injunction was awarded as prayed for on March 10, 1920. On April 20, 1920, the defendants gave notice that they would move to dissolve the injunction on

April 29, 1920.   On the latter date, the motion to dissolve was heard upon the pleadings and affidavits heard at the original hearing, and on the affidavits of the parties thereafter made, and on certain written motions filed by the defendants which need not now be considered.   The court took time to consider of its judgment, and, by an order entered June 18, 1920, refused to dissolve the injunction. From this order the present appeal was taken.

[1] The right to appeal from an order refusing to dissolve an injunction seems to be settled in this State, and is placed on the ground that it adjudicates the principles of the case. It is said that "the refusal to dissolve the injunction adjudicated the principle to this extent, that the injunction had not been improvidently awarded, and that as the cause then stood it ought to still be continued.   It is, therefore, such an order as may be appealed from." *Baltimore & O. R. Co.* v. *City of Wheeling,* 13 Gratt. (54 Va.), 40, 59. See also *Kahn* v. *Kerngood,* 80 Va. 342; *Bristow* v. *Home Building Co.,* 91 Va. 18, 23, 20 S. E. 946, 947; *Norfolk & W. R. Co.* v. *Old Dominion B. Co.,* 97 Va. 89, 90, 33 S. E. 385. But the granting of the appeal does not in any way forestall the order to be made at the hearing.   It simply operates to put the case on the docket of this court for such order to be made therein at the hearing as appears to be right and proper.

A number of questions of great interest and importance were raised, and they have been discussed before us in briefs of more than ordinary ability, and with a very full citation of authority.   Some of them are pure questions of law that might be disposed of on the present record, others are dependent on the facts. On the former, we do not wish to be understood as expressing any opinion, but will reserve our opinion until the case can be heard on the facts also.

[2-4] It will be observed that no testimony was taken in

the cause, but that it was heard on purely *ex parte* affidavits. Among the questions discussed in the briefs were the power of Monk to make the contract; whether the same embraced the "good will" of the sellers' business; whether the contract was of such nature as to be void because in restraint of trade; whether or not the contract had been ratified by Lynch, if not originally authorized by him; and whether or not the complainants were barred of relief by reason of their laches in the enforcement of their rights. It is readily observed that most, or all of these questions, will be seriously affected by the facts of the case, and these have not been fully or sufficiently presented. The facts are to be gathered chiefly from the parties themselves, two on each side. None of them has been sworn to tell the *whole* truth, and each has apparently presented his side of the case, and has left unsaid facts material to a correct determination of the case. On some of the most material points the affidavits are in direct conflict. Both cannot be true. The transaction was of such nature that the parties thereto must have known facts which are not stated in their affidavits. These facts would most probably have been developed on cross-examination, and the accuracy of the witnesses' statements would have been tested by details not contained in the affidavits, but neither party has had the opportunity of cross-examining the other's witnesses. The conflicting affidavits leave the facts of the case in too much doubt and uncertainty to form a safe basis for the determination of the rights of the parties. The practice of receiving affidavits on an application for an injunction, or on a motion to dissolve, is too well established in this State to require the citation of authority, but they are not entitled to the same weight as depositions taken after notice to the opposite party and an opportunity for cross-examination. It is true that on a pure bill of injunction very summary proceedings are allowed, and are sometimes necessary, but they must be compatible

with the correct decision of the case in question.    As well said by Moncure, J., in *Baltimore & Ohio R. Co.* v. *Wheeling, ubi supra,* "Irreparable mischief may be done not only by denying, but also by granting and refusing to dissolve an injunction."    The case in judgment is of that nature.    Very serious, if not irreparable, damage may be done to one or the other of the parties if the case is decided on the present record. The case should be remanded for proof in the usual form, and then heard on its merits.

The appeal will, therefore, be dismissed as prematurely awarded, at the costs of the appellants, but without prejudice in any way to their rights.

*Dismissed.*