## MAGNOLIA PETROLEUM CO. v. BLANKENSHIP.

### No. 8082.

Court of Civil Appeals of Texas. Austin.

Feb. 26, 1934.

Moody & Robertson, of Austin, for appellant.

Pollard, Lawrence & Lux, of Tyler, E. R. Pedigo, of Austin, and Lee, Porter, & Latham, of Longview, for appellee.

BAUGH, Justice.

This appeal is from a temporary injunction granted by the trial court enjoining the Railroad Commission, its agents and employees, from interfering with opening, cleaning, reviving, and operating by Blankenship of an oil well in Gregg county, Tex., drilled by him on one-half acre of land without a permit from the Railroad Commission. Suit was originally filed by appellee against the commission alone, in which appellant was permitted to intervene and to resist appellee's application. From the order granting the temporary injunction, the Magnolia Petroleum Company alone has appealed. After this appeal was duly perfected to this court, the appellee dismissed his suit in the trial court, that court having entered such order of dismissal on January 25, 1934, a copy of which order appellee has attached to his motion to dismiss this appeal on the ground that the

only issue here involved has become moot. Appellant has resisted this motion to dismiss the appeal and has presented a certified copy of an order of the trial court of date January 27, 1934, granted at the instance of appellant, setting aside the order of dismissal of January 25th, and reinstating said case on the docket, reciting that the order of dismissal was void and not a final judgment because it did not dispose of the liability of the parties for costs. If, as appellant apparently insists, the injunction be retained in force in the trial court at its instance, it places itself in the anomalous position of seeking to continue in force in the court below an order which it here seeks to dissolve on appeal.

While the trial court lost jurisdiction of its temporary injunction when the appeal therefrom was filed in this court, the case was still pending in the trial court upon its merits and could have been heard at any time regardless of the appeal from the order granting the temporary injunction. Of course the trial court could not change or set aside its order granting the temporary injunction after the jurisdiction of this court over that matter attached. But the purpose of the temporary injunction was to maintain the status quo of the parties and of the subject-matter until the case could be heard upon its merits. And, as to that matter, the appellee, plaintiff below, was clearly entitled to take a nonsuit at any time before judgment was rendered therein, subject to any cross-action or prayer for affirmative relief then on file by the defendant or by the intervener. The pleadings of the intervener, appellant here, disclose no such relief sought by it. So far as the pleadings presented in this record show, it merely resisted the granting of the temporary injunction; and the only relief sought by it on this appeal is a dissolution of that injunction. If the case had been tried upon its merits pending this appeal, and a permanent injunction denied, such denial would without question have terminated the temporary injunction and rendered that issue in this court moot. Appellee, plaintiff below, absent any cross-action or prayer for affirmative relief by his adversaries, could take a nonsuit in the trial court at any time before a decision therein, as a matter of right, and this right could not be defeated by appellant. See article 2182, Vernon's Ann. Civ. St. Texas and cases there annotated. And failure of the court to adjudicate liability for costs does not affect that right. The statutes (article 2051 et seq., R. S. 1925) fix the responsibility of the parties for the costs, subject to a discretion in the trial court to tax costs otherwise than therein prescribed. But it is now settled that appellate courts need not decide issues presented on appeal which have become moot merely to determine liability for costs in the trial court.

However, the dismissal by appellee of his suit on the merits in the trial court and his motion to dismiss this appeal based thereon in this court is tantamount to an admission by him that the injunction appealed from was improvidently granted; and, since this court has jurisdiction over the temporary injunction granted, we think that the proper disposition to be made of this appeal is to dissolve the injunction, dismiss the appeal, and tax the costs in this court against the appellee.

Injunction dissolved; appeal dismissed.