### MAGNOLIA PETROLEUM CO. et al. v. JACKSON et al.

No. 4837.

Court of Civil Appeals of Texas. Texarkana.

Sept. 13, 1934.

Walace Hawkins, of Dallas, for appellants.

Weeks, Hankerson & Potter, of Tyler, for appellees.

JOHNSON, Chief Justice.

This is a motion of appellant Magnolia Petroleum Company to (1) advance submission of the cause, and (2) to stay further proceedings in receivership in the trial court pending the appeal.

On July 12, 1934, upon trial to a jury, in an action in trespass to try title, judgment was rendered in the district court of Smith county in favor of the alleged trustees of Fair Chapel Methodist Church, South, and D. L. Edmiston, and against Magnolia Petroleum Company, J. R. Wright, and E. H. Samuels, and others, for title and possession of the one acre of land in controversy. Motion for new trial was overruled, notice of appeal given by Magnolia Petroleum Company, J. R. Wright, and E. H. Samuels, and their appeal bonds were filed and approved July 23 and July 26. On July 26, 1934, after appellants' said appeal bonds had been filed and approved, appellees made application in the case seeking the appointment of a receiver by the trial judge for the purpose of producing and conserving the oil in and under the property,

upon showing in substance as follows: The trial on the merits, and the judgment; perfection of appeal by appellants; that appellants were in possession of the property; that it was being irretrievably drained and depleted of its oil by offset wells on adjoining property, one of which is owned by appellant Magnolia Petroleum Company; that the one acre of land in controversy was valuable only as oil property; and the only known way to conserve the same was by drilling and producing the property, which appellees were unable to do, and could not procure same to be done, by reason of appellants' possession, and the pendency of said suit. On July 27, 1934, judgment was entered, reciting notice and hearing, by the trial court appointing the receiver prayed for. On August 1, 1934, the Magnolia Petroleum Company filed its appeal bond which was approved, appealing from the order of the court appointing the receiver after judgment. One transcript containing both appeals has been filed in this court. The Magnolia Petroleum Company has filed this motion praying that submission and hearing be advanced in this court, and for an order of this court staying the receivership proceedings pending the appeal.

■ Whether the appeal from the order of the trial court appointing the receiver may take precedence in submission and hearing in this court depends upon said order of the trial court being interlocutory only, as distinguishable from a final order, R. S. art. 2250. "An interlocutory decree is one made pending the case, and before final hearing on the merits." Freeman on Judgments, § 29, approved by our Supreme Court in Linn v. Arambould, 55 Tex. 611, and in Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326. In the case last cited trial was had upon the merits and judgment entered in the case, from which an appeal was taken. Subsequently, during the same term of the court, as in the instant case, the trial judge appointed a receiver to conserve the property claimed to be subject to the judgment. The Supreme Court held the order of the trial judge not interlocutory, but that it was a final judgment from which a separate appeal could be prosecuted, and subject to suspension by supersedeas bond in like manner as the judgment rendered on the merits in the case.

Reference to appellants' prayer to stay the receivership proceedings pending the appeal, this court under its general powers may issue such writs as are necessary to protect and enforce its jurisdiction, R. S. art. 1823, which would include authority to stay or prohibit any proceeding interfering with its jurisdiction; and it is given, by implication, authority "upon an appeal from an interlocutory order of the district court appointing a receiver to stay proceedings in the trial court pending the appeal." R. S. art. 2250. We have already observed that the order of the trial judge appointing the receiver in the instant case was not an interlocutory order; and in Waters-Pierce Oil Co. v. State, supra, the Supreme Court further held that such appointment of a receiver was not an interference with the jurisdiction of the appellate courts in the case.

■ In the instant case, the trial court by interlocutory order entered on March 1, 1934, prior to and pending trial on the merits of the case, appointed a receiver, from which interlocutory order an appeal was prosecuted to this court, cause No. 4726 on the docket of this court. On March 16, 1934, order of this court was entered staying such receivership proceedings pending that appeal; and upon submission and hearing of the appeal, this court, on April 19, 1934, entered judgment reversing and vacating such interlocutory order of the trial court appointing receiver. No mandate in that cause had been issued from this court on July 12, 1934, when trial was had and judgment entered on the merits of the case in the trial court, nor on July 27, 1934, when the trial court entered its order appointing a receiver after judgment. Wherefore, appellants contend that exclusive jurisdiction in the matter of appointing a receiver was in this court, and for which reason the order of the trial court appointing the receiver after judgment was void, and should be suspended, citing R. S. arts. 2284 and 2285, which articles provide:

"Art. 2284. Where a cause shall be removed by appeal or writ of error to the appellate court, the cause shall remain or be replaced on the docket to await the mandate of the appellate court.

"Art. 2285. Upon the return of the mandate, if the judgment of the court below be reversed by the appellate court, the cause shall stand for trial in its order on the docket."

These articles and the authorities cited by appellant are referable only to the cause, or subject-matter, determined by the judgment from which the appeal or writ of error was prosecuted; and which, in effect, suspends, pending such appeal, the jurisdiction of the trial court to further litigate the matters involved in the appeal. The subject-matter involved in the appeal in cause No. 4726 determined by this court on April 19, 1934, was

referable only to the interlocutory appointment of a receiver, in the circumstances then presented, pending a trial of the case on its merits; and the pendency of such appeal did not suspend the jurisdiction of the trial court to try the case on its merits or to appoint a receiver after judgment on the merits. Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S. W.(2d) 113.

Appellants make the further contention that because appeal had been perfected from the trial court's judgment on the merits in the main case, that the jurisdiction of this court had attached and that the trial court had no authority to enter a subsequent and separate order or judgment in the case appointing a receiver, citing and construing Hermann v. Thomas (Tex. Civ. App.) 143 S. W. 195, as authority in point with such contention. Appellants' construction of the Hermann case was refuted in United North & South Oil Co. v. Meredith (Tex. Civ. App.) 258 S. W. 550, 554, quoting: "It necessarily follows that so long as there is an appeal pending the controversy in the suit which is carried forward into the appeal is a cause of action pending, and the same right to a receiver, to protect the property in litigation, exists after judgment, and pending the appeal, as existed before judgment and pending the trial"—affirmed in an opinion of the Commission of Appeals adopted by the Supreme Court, United North & South Oil Co. v. Meredith, 272 S. W. 124.

We are of the opinion that the motion to advance submission and to stay the receivership proceedings pending the appeal should be overruled, and it is so ordered.