325 P.2d 413

Ellis CARP, Robert K. Shannon, Bernard Stanton, Jack Sham, Clyde Damron, Irwin Salk, Gene Schanbaum, Dan Geller, Leonard Macaluso, Charles Shropshire, and Stanley C. Pearle, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona in and for the COUNTY OF MARICOPA and the Honorable Yale McFate, one of the Judges thereof, Respondents.

No. 6615.

Supreme Court of Arizona.

May 7, 1958.

Gust, Rosenfeld, Divelbess & Robinette, Frank E. Flynn, Phoenix, for petitioners.

Robert Morrison, Atty. Gen., and Frederick E. Kallof, Asst. Atty. Gen., for respondents.

UDALL, Chief Justice.

This is an original proceeding in mandamus. As we see it the issue presented is:

Should the Supreme Court require the respondent trial court to assume jurisdiction and, in its discretion, either enter a formal order staying the execution of its judgment or issue to the Board of Dispensing Opticians an order to show cause why the said Board should not be held in contempt of the trial court for failure to comply with a peremptory writ theretofore issued by it?

To resolve the jurisdictional question we issued an alternative writ. The matter has been fully briefed and is now ready for determination.

The following is a chronological statement of the proceedings had in the lower court leading up to the instant petition, viz.: On August 28, 1957, upon application of petitioners herein, an alternative writ of mandamus was issued out of the Superior Court of Maricopa County by order of respondent, Honorable Yale McFate, one of the judges of said court, to the State Board of Dispensing Opticians (hereinafter referred to as Board). The writ commanded the Board to perform the acts necessary to issue to petitioners, and each of them, a license to practice as a dispensing optician in the State of Arizona or to show cause why they had not done so. Thereafter said Board appeared but failed to show sufficient cause for not performing the acts directed by the writ. The respondent court on December 20, 1957 entered judgment that a peremptory writ of mandamus issue. The Board on January 15, 1958, gave notice of appeal (A.R.S. § 12-2101) from this judgment. The following day, January 16th, respondent issued the peremptory writ of mandamus.

This peremptory writ ordered the Board to issue licenses to petitioners as theretofore directed in the alternative writ. It further ordered the Board to make known to the court, on February 4, 1958, how said writ had been executed.

At a hearing held on February 6, 1958 respondent, apparently being apprised for the first time of the appeal, stated:

"Let the record show that on the ground that this court has no jurisdiction in connection with this case except in furtherance of the appeal, the court takes no action one way or another at this time with respect to the writ of mandamus."

On February 7, 1958, petitioners' attorney filed in the trial court a verified application requesting the court to sign and issue an order to show cause ordering the Board, and each of them, to appear at a time and place fixed by it and then and there to show cause, if any they have, why they should not be punished for contempt. This action was taken because the Board had failed and refused and still fails and refuses to do any of the acts required by the writ. On the same day the court entered the following minute order:

"Application for order to show cause why respondent [Board] should not be punished for contempt in this matter is this day presented to the court and denied."

Petitioners urge in this original proceeding that such action, denying the application and refusing to issue the order, "was arbitrary and contrary to law and that in so refusing said respondent acted beyond his jurisdiction." They further allege they are without a plain, adequate, and speedy remedy at law and the only way the judgment of December 20, 1957 and the order of January 16, 1958, can be carried out and executed is through a writ of mandamus issued out of this court ordering respondent judge to sign and issue the order to show cause. The petition prays for such a writ.

On February 18, 1958, this court ordered the issuance of the alternative writ of mandamus prayed for, deferring the Board's compliance therewith until a determination of whether said writ should be made peremptory.

It appears that at the time the trial court issued the peremptory writ of mandamus and subsequently when it denied the petitioners' application for order to show cause why the Board should not be punished for contempt, a notice of appeal from the judgment of December 20, 1957 directing that the peremptory writ issue, had been filed with the clerk of Superior Court—which appeal is now docketed in this court. It is conceded that the members of the Board, being public officers acting in their official capacity, do not have to post a cost or supersedeas bond. However, petitioners vigorously assert that there is not an automatic stay of judgment theretofore entered and that such can only be accomplished by a specific court order which is wholly lacking in the instant case.

■ This court held, in State Board of Barber Examiners v. Walker, 67 Ariz. 156, 192 P.2d 723, that an appeal does not of itself operate to stay the execution of a peremptory writ of mandamus. If, however, as respondents contends, A.R.S. § 32–1694, subd. D (which reads in part):

"No applicant for original license may practice as a dispensing optician *during the pendency of an appeal from a decision of the board. * * *"*, (Emphasis supplied.)

acts as an automatic stay of execution, then the court was without jurisdiction to issue the writ on January 16th and the application for a contempt order based thereon was properly refused.

We cannot agree with this contention. Here, there is no appeal involved either from the Board's action or from the trial court's judgment. This was an original proceeding in mandamus and hence we hold section 32–1694, subd. D, supra, had no application.

"Mandamus is the appropriate remedy to compel a judicial officer to decide a case when he has refused to act upon the mistaken assumption that he lacked jurisdiction to determine the cause, but it has been said that the writ will not issue to direct the particular decision that should be made or to review or reverse a decision made by one acting in a judicial capacity upon an issue properly before him." Mengel v. Justices of Superior Court, 313 Mass. 238, 47 N.E.2d 3, at page 6.

See also State v. Phelps, 67 Ariz. 215, 193 P.2d 921.

Respondent urges he did act on the application for an order to show cause in that he denied same and mandamus will not lie to correct his action. This principle of law is sound but respondent misapplies it to these facts. It is clear that the denial of the application was a refusal to act thereon only because respondent was under the mistaken belief he was without jurisdiction to entertain and decide said application.

■■ It is true that when a notice of appeal is taken the trial court is without jurisdiction to act except in furtherance of the appeal, Whitfield Transportation v. Brooks, 81 Ariz. 136, 302 P.2d 526. Nevertheless, where the proceedings are not stayed the court may enforce a judgment theretofore entered.

The trial court having issued a peremptory writ of mandamus directing the Board to perform certain acts and the Board having refused to perform same, but instead having taken an appeal from said judgment, it was incumbent upon said Board if it wished to avoid the penalty for failure to comply therewith, to obtain from the court a stay of execution. This it failed to do. Under the peculiar circumstances shown by this record, we believe that petitioners herein are entitled to some relief. We hold the trial court did have jurisdiction—notwithstanding the appeal—to exercise a discretion as to whether (a) it should by formal order stay the execution of its judgment and peremptory writ of mandamus, or (b) grant petitioners' application for an order to show cause, and conduct a hearing thereon, to determine whether said Board members should be held in contempt for failure to comply with its writ. In refusing to decide in some manner the matter before it the court acted beyond its jurisdiction and mandamus will lie to compel action.

The alternative writ of mandamus issued by us on February 18, 1958, is hereby amended directing the respondent court to either, in its discretion, stay the execution of its judgment or grant petitioners' application for an order to show cause why the members of the State Board of Dispensing Opticians should not be held in contempt for failing to comply with the peremptory writ of mandamus theretofore issued by it.

The amended alternative writ is made peremptory.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.