477 P.2d 269

**MOTOROLA, INC., Petitioner Employer,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Barbara Senkbeil, Respondent Employee.**

**No. 1 CA–IC 386.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 1, 1970.

Evans, Kitchel & Jenckes, by Stephen W. Pogson, Phoenix, for petitioner employer.

Charles M. Wilmer, Phoenix, for respondent employee.

Donald L. Cross, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

CAMERON, Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission issued 21 November 1969 entitled "Decision Upon Hearing and Findings and Award and Order Pending Determination of Earning Capacity." [1] The award corrected the employee's average monthly wage and adjusted her temporary compensation accordingly. It found that she had no persons dependent upon her for support and that she suffered a psychosomatic reaction as the result of her industrial accident which, combined with the 10% physical impairment, was presently disabling her from pursuing her former occupation. The award reserved jurisdiction to the Commission to make a final award determining the permanent partial disability compensation. It ordered the employee to make a sincere effort to obtain work, and contained a "30-day" clause which read as follows:

"IT IS FURTHER ORDERED that any party aggrieved by this award may, within THIRTY (30) DAYS after the rendition of the same apply to the Court of Appeals of the State of Arizona, Division One, for a Writ of Certiorari to review the lawfulness of said award pursuant to the provisions of A.R.S. Section 12–120.–21B, 1964."

On 10 December 1969, the 19th day after the issuance of the award, the petitioner filed a petition for rehearing. The Commission did not rule on this petition, and the petitioner on 19 December 1969 filed its petition for writ of certiorari with this Court, this being the 28th day after the issuance of the award.

Two questions are presented for review:

1. Was it error for the Commission to fail to rule upon the motion before the thirty-day period within which the petition for writ of certiorari must be filed?

2. Is the award of the Commission reasonably supported by the evidence?

## SHOULD THE COMMISSION HAVE RULED ON THE MOTION FOR REHEARING?

■ Petitioner contends that "The Commission was arbitrary and capricious and contrary to law in failing to consider the petition for rehearing filed by petitioner on December 10, 1969." The action of 21 November 1969 was an award, it being a "finding or decision of the Commission of the amount of compensation or benefit due." Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969). That the award contained a 30-day clause does not in our opinion prevent a party from petitioning for rehearing within the 20-day period. We have stated:

"While we are not called upon to determine a third principle, it appears to us that it would be logical to state that:

"If the Industrial Commission issues a second award and in its action used a 30 day clause in place of a 20 day clause, the Industrial Commission cannot thereby prevent a party from electing to not file a writ of certiorari and the party may in lieu thereof, make a timely application for a rehearing.

"In other words, § 23–951 as amended, requires that the administrative procedure of a request for a rehearing be utilized following the first award. Thereafter awards could well carry a combined notice of the right to apply for a rehearing within 20 days, the notice further stating that the party has the alternative right to apply for a writ of certiorari within 30 days. The purpose of the notice is to inform the uninformed rather than to have any legal significance in relation to the rights of the parties

---

1. This case was decided under the law as it existed prior to 1 January 1969.

to the Industrial Commission proceeding." Flannery v. Industrial Commission, 3 Ariz.App. 122, 125, 126, 412 P.2d 297, 300, 301 (1966). (Review denied)

█ Our Supreme Court has stated that a "timely motion to rehear has the effect of setting aside" an award. Russell v. Industrial Commission, supra, 104 Ariz. at p. 553, 456 P.2d at p. 923. We do not believe that the petitioner would have lost any rights by waiting for the Commission to so rule within a reasonable time. Once, however, petitioner applied to this Court for review, the petitioner in effect chose not to wait for the Commission's ultimate ruling on its petition for rehearing, but rather to remove jurisdiction of the claim to this Court:

"Consequently, because the petitioner appealed to this court before the Commission acted thereon, the effect was to waive further action on the second petition and oust the Commission of any jurisdiction to proceed further." Wammack v. Industrial Commission, 83 Ariz. 321, 327, 320 P.2d 950, 954 (1958).

And it is immaterial as petitioner contends that the Commission "failed adequately to consider a number of issues vital to the *ultimate* determination prior to issuing" the award. (Emphasis ours.) The award had the effect of terminating temporary disability compensation, but reserved jurisdiction to make a final award determining compensation for permanent partial disability. This question has been thoroughly discussed by this Court and our Supreme Court in Talley v. Industrial Commission, 9 Ariz.App. 308, 451 P.2d 886 (1969) and Pedigo v. Industrial Commission, 9 Ariz.App. 314, 451 P.2d 892 (1969), opinions vacated by the Supreme Court in Talley v. Industrial Commission, 104 Ariz. 433, 454 P.2d 975 (1969), Pedigo v. Industrial Commission, 104 Ariz. 433, 454 P. 2d 975 (1969), and Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (1969).

## SUFFICIENCY OF THE EVIDENCE

We have examined the evidence that was before the Commission and have determined that the award of the Commission is reasonably supported by the evidence.

The award is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.