520 P.2d 1142

Rudolfo H. **CASTILLO**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of
Arizona, Respondent,

Producers Cotton Oil Company,
Respondent Employer,

Employers Mutual Liability Insurance Company of Wisconsin, Respondent Carrier.

No. I CA–IC I083.

Court of Appeals of Arizona,
Division 1,
Department B.

April 16, 1974.

Spencer K. Johnston, Phoenix, for petitioner.

Richard E. Taylor, Legal Counsel, Phoenix, for respondent The Industrial Comm. of Ariz.

Shimmel, Hill & Bishop, P.C. by J. Russell Skelton, Phoenix, for respondent employer and respondent carrier.

James B. Long, Phoenix, for amicus curiae State Compensation Fund.

Robert W. Eppstein, Tucson, for amicus curiae Davis & Eppstein.

## OPINION

HAIRE, Presiding Judge.

On December 14, 1972, petitioner Rudolfo H. Castillo filed in this Court a petition for writ of certiorari seeking review of an award entered by the respondent Industrial Commission fixing his average monthly wage at the sum of $196.18. This Court's writ of certiorari was issued on that same date. Thereafter, pursuant to written stipulation signed by the parties, on October 19, 1973 this Court remanded the matter to the respondent Industrial Commission for further administrative proceedings. (See this Court's file, 1 CA–IC 921).

During the interim period between the date of the filing of the petition for writ of certiorari, December 14, 1972, and October 19, 1973, the date of this Court's remand order, the parties proceeded with the processing of other aspects of the petitioner's claim before the Industrial Commission in accordance with the workmen's compensation laws of the state of Arizona. Among other things, the Commission's file shows that during this interim period on March 12, 1973, the respondent carrier issued its notice of claim status terminating petitioner's temporary compensation and medical benefits as of February 22, 1973; that on March 14, 1973 the petitioner filed a request for a hearing before the Commission concerning the above-mentioned notice of claim status, contending that he was not able to return to work, that he needed further medical benefits, and that he had suffered a permanent disability; that thereafter, the Commission's hearing officer conducted hearings on these issues on June 29, 1973 and September 18, 1973; and that on September 19, 1973 the hearing officer issued his decision which in essence found against the petitioner's claim and terminated his compensation and medical benefits as of February 22, 1973, with no permanent disability. This award was affirmed by the Commission's decision of October 24, 1973. On November 21, 1973 the petitioner again petitioned this Court for the issuance of its writ of certiorari, this time for the purpose of reviewing the Commission's decision of October 24, 1973.

The foregoing history of the Commission's proceedings subsequent to December 14, 1972 has been set forth in detail, inasmuch as the jurisdictional validity of these interim proceedings has been questioned by a motion pending before this Court. As previously mentioned, petitioner's new petition for writ of certiorari was filed November 21, 1973, and questioned the lawfulness of the Commission's award of October 24, 1973 concerning the termination of petitioner's compensation and medical benefits. The petitioner has now filed in

this Court his motion requesting that the review proceedings resulting from the filing of his November 21, 1973 petition be dismissed and the matter be remanded to the Industrial Commission for the holding of further proceedings, based upon his fear that the Commission lacked jurisdiction to conduct the interim proceedings. Petitioner's motion reads in part as follows:

"The Petitioner makes this Motion to Remand reluctantly, but apparently would have no discretion in the matter based upon the Decisions of this Court of Greer vs. Ind. Comm., [20] Ariz.App. [559], 514 P2d 512 (1973) and Terrell vs. Ind. Comm., [21] Ariz.App. [139], [517] P2d [97) (filed December 27, 1973).

"In December, 1972, your Petitioner filed his Petition for Writ of Certiorari concerning the question of the proper determination of his average monthly wage. The Court granted the Petition for Writ of Certiorari and the question of the average monthly wage was pending before this Court until the parties to said action filed a Motion to Remand said cause to the Industrial Commission of Arizona for further administrative processing. The Order granting remand was signed on the 19th day of October, 1973.

"In the meantime, the parties had litigated before the Industrial Commission of Arizona at formal hearings on June 29, 1973, and September 18, 1973, the question of permanent disability, if any, of the Petitioner in this same industrial accident claim; and, subsequently, said question of entitlement to additional disability benefits was brought before this Court on November 26, 1973.

"It would appear, that in accordance with the Decisions of Greer vs. Ind. Comm., (supra) and Terrell vs. Ind. Comm., (supra), that the Industrial Commission of Arizona did not have jurisdiction to hold the two aforementioned hearings in June and September of 1973 and issue the subsequent Awards which

have now been brought before this Court in this matter.

"In accordance with the stated case law, this Petitioner reluctantly moves for remand of his cause to the Industrial Commission of Arizona for the holding of further hearings."

Because of this Court's serious concern with the jurisdictional issues raised in petitioner's motion, we entered our order taking the motion under advisement and granting all parties additional time within which to file simultaneous memoranda concerning the jurisdictional principles set forth in the Greer and Terrell decisions cited in petitioner's motion. Further memoranda were filed by the parties, and, in addition, excellent and very helpful memoranda were filed by *amicus curiae*. For the reasons hereinafter set forth, we have concluded that the Commission retained jurisdiction to render the award in question, and that therefore petitioner's motion to remand should be denied.

■ The principle is well established that an appeal generally divests the trial court of jurisdiction to proceed except in furtherance of the appeal. Whitfield Transportation v. Brooks, 81 Ariz. 136, 302 P.2d 526 (1956); Gotthelf v. Fickett, 37 Ariz. 413, 294 P. 837 (1931); Sam v. State, 33 Ariz. 383, 265 P. 609 (1928); Navajo Realty Co. v. County National Bank & Trust Co., 31 Ariz. 128, 250 P. 885 (1926). However, this general principle is subject to many equally well established exceptions. Thus, it has been held that in the absence of supersedeas, the trial court in a civil proceeding retains jurisdiction pending the appeal to take such action as might be necessary to enforce its previously entered judgment. Carp v. Superior Court, 84 Ariz. 161, 325 P.2d 413 (1958). Further, an

" . . . appeal from an appealable intermediate or interlocutory order does not divest the trial court of jurisdiction to proceed in matters not involved in the appeal." 4 Am.Jur.2d, Appeal and Error, § 357, p. 835 (1962).

This same principle is stated in Corpus Juris Secundum as follows:

> "An appellate proceeding for the review of incidental· or interlocutory matters divests the trial court of jurisdiction only with respect to matters directly involved in, or the subject of, the appellate proceeding." 4A C.J.S. Appeal and Error § 609, p. 399 (1957).

Decisions from other jurisdictions reveal that this intermediate appealable orders exception has been applied to support continuing trial court jurisdiction in situations involving appeals from many different intermediate orders, including, but not limited to, appeals from orders granting temporary injunctions; *see* Magnolia Petroleum Co. v. Blankenship, 70 S.W.2d 258 (Tex. Civ.App.1934); Lynch v. Clinch Motor Co., 131 Va. 202, 108 S.E. 641 (1921); intermediate orders involving receiverships; *see* R. W. Holding Corp. v. R. I. W. Waterproofing & Decorating Co., 131 Fla. 424, 179 So. 753 (1938); Magnolia Petroleum Co. v. Jackson, 80 S.W.2d 388 (Tex. Civ.App.1934); intermediate appealable orders involving discovery proceedings; *see* Smiley v. Atkinson, 12 Md.App. 543, 280 A.2d 277 (1971), aff'd, 265 Md. 129, 287 A.2d 770 (1972); and, last but not least, appeals from intermediate orders or awards in workmen compensation proceedings, *see* Waddle v. State Industrial Court, 304 P.2d 511 (Okl.1964); Fischback & Moore of Alaska, Inc. v. Lynn, 407 P.2d 174 (Alaska 1965); Pressman v. State Accident Fund, 246 Md. 406, 228 A.2d 443 (1967).

■ Another exception to complete appellate pre-emption of trial court jurisdiction pending review is recognized where, by reason of the peculiar nature of the subject matter involved, the trial court is vested with special powers of a continuing jurisdictional nature. Thus A.R.S. § 25–321, as it existed prior to its amendment in 1973, provided that in domestic relations cases the trial court could under certain circumstances "from time to time after entry of final judgment . . . amend, re-vise and alter the portions of the decree which relate to . . . ." support of the wife and to the care, custody or maintenance of the children of the parties. In view of this statutory provision for continuing trial court jurisdiction, the Arizona Supreme Court in O'Hair v. O'Hair, 109 Ariz. 236, 508 P.2d 66 (1973), held as follows:

> "However, because the Legislature has provided, by A.R.S. § 25–321, that the Superior Court may from time to time after final judgment amend, change or alter any of the provisions respecting the care, custody or maintenance of children, we think it retains jurisdiction pending appeals in such matters, at least where the provisions for the care, custody and maintenance of the children are not the subject matter of the appeal."

109 Ariz. at 241–242, 508 P.2d at 71.

*See also,* the Waddle, Fischback, and Pressman workmen's compensation decisions, *supra,* which involve to some extent an intermingling of the intermediate appealable order concept and the special continuing jurisdiction concept.

A review of the above-mentioned "exceptions" to the general principle divesting the trial court of jurisdiction in the event of an appeal reveals that in actuality they are not exceptions, but are well-reasoned applications of the rationale which led to the formulation and adoption *by the courts* of the general principle in the first instance. This rationale is succinctly stated in Whitfield Transportation v. Brooks, *supra,* as follows:

> "The jurisdiction of this court when properly invoked must be protected. It cannot be defeated or usurped to the extent that its decision when rendered be nugatory."

81 Ariz. at 141, 302 P.2d at 529.

By allowing the trial court to proceed with issues not directly involved in, or the subject matter of the appeal, the jurisdiction of the appellate court is adequately protected, and at the same time the trial

court proceedings are not inordinately delayed pending the appellate decision.

█ With the foregoing principles in mind, we now turn to the precise question involved in the motion now pending before this Court. That question is, did the filing of the petition for a writ of certiorari seeking appellate review of the Commission's intermediate award establishing petitioner's average monthly wage[1] deprive the Industrial Commission of jurisdiction to continue with the processing of other aspects of petitioner's claim pending that appellate review?

█ We first note that it is well established by Arizona case law that a Commission award setting a claimant's average monthly wage is an *appealable intermediate award*. Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (1969); Pedigo v. Industrial Commission, 104 Ariz. 433, 454 P.2d 975 (1969). Both of these decisions dealt with the *res judicata* effect of average monthly wage awards, and in both instances the claimant had not sought review within 30 days after the award was rendered, but rather waited much later until final awards were entered in the proceedings. In arriving at its conclusion that the intermediate average monthly wage award was *res judicata* and could not be attacked on the review of the later award, the Arizona Supreme Court in Talley, *supra,* stated:

"By construction, A.R.S. § 23–951, subsec. A has been applied to *intermediate* awards, orders, and findings so that if a rehearing is not requested and a timely review sought in the courts, the award, order or finding is forever conclusive." (Emphasis added). 105 Ariz. at 166, 461 P.2d at 87.

The Supreme Court finally concluded:

"The construction of A.R.S. § 23–951, subsec. A cited supra, and A.R.S. § 23–943 subsec. H as amended, requiring that an aggrieved person seek a review within 30 days after rendition of an award, order or finding best effectuates the spirit of the Workmen's Compensation Act by applying the statute to both *intermediate* and final awards, orders and findings." (Emphasis added). 105 Ariz. at 166, 461 P.2d at 87.

The average monthly wage determination being an appealable intermediate award, under the above-discussed authorities it naturally follows that the Commission was divested of jurisdiction on subsequent proceedings *only with respect to matters directly involved in, or the subject matter of, the award under review.* Thus in Waddle v. State Industrial Court, *supra,* the question was whether the industrial court retained jurisdiction to consider matters involving temporary total compensation when the question involved in the prior pending appeal was the propriety of plastic surgery to the ear. The appellate court's holding is set forth in the syllabus by the court, as follows:

"A proceeding in the Supreme Court to review an order of the State Industrial Court divests such court of jurisdiction of the particular matters or issues sought to be reviewed only and the State Industrial Court has continuing jurisdiction over aspects of the cause not directly involved in the action seeking vacation of such order."

In Fischback & Moore of Alaska, Inc., *supra,* the claimant had appealed an order of the Alaska Workmen's Compensation Board which denied him compensation for permanent partial disability. While the appeal was pending, the board ordered the

---

[1]. Although review of the Commission's award is technically accomplished by issuance of this Court's writ of certiorari, under applicable statutory provisions this Court has no discretion as to the issuance of the writ, review being mandatory upon a timely request. *See* A.R.S. § 23–951. We therefore treat the filing of the petition for writ of certiorari as, in all jurisdictional respects, completely analogous to the filing of a notice of appeal in an ordinary civil or criminal proceeding.

employer to furnish further medical services for the claimant. When the board's continuing jurisdiction was questioned, the court stated:

"The exercise of administrative jurisdiction in ordering further medical examination and treatment while the case was pending in the superior court was not inconsistent with the proper exercise of the court's jurisdiction, because the Board's action did not interfere or conflict with the exercise of the court's jurisdiction over the case." 407 P.2d at 177.

We have previously set forth in detail the subsequent proceedings before the Commission in the matter here under review, and it is readily apparent that none of these proceedings remotely involved or purported to affect in any way the prior determination of petitioner's average monthly wage. The subsequent proceedings involved questions concerning petitioner's physical condition, his disability and consequent entitlement to medical benefits, and to temporary and permanent compensation. A delay in the determination of these matters was not necessary to protect the jurisdiction of this Court in the pending review of the prior average monthly wage determination, nor would such Commission proceedings, in the language of the Arizona Supreme Court as set forth in Whitfield, *supra,* tend to defeat or usurp the jurisdiction of this Court to the extent that any subsequent decision which we might have rendered would be nugatory. We therefore must conclude that the Commission retained jurisdiction over the proceedings here involved. Inherent in this conclusion is our determination that there are no prior decisions of the Arizona Supreme Court compelling a contrary result. It there were such decisions, we of course recognize that they would be binding on this Court, even though we might be convinced that such cases should be disaffirmed. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

Our research reveals only two Arizona Supreme Court decisions which consider the question of the jurisdiction of the Industrial Commission pending appellate review of a Commission award. The first of these is Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950 (1958). In Wammack, the claimant sought review of the Commission's award setting his loss of earning capacity, contending that he had in fact incurred a greater loss of earning capacity than that established in the Commission's award. On that issue the Court held that the Commission's findings on the loss of earning capacity question were "devoid of any apparent relevant foundation" and concluded that the award must be set aside. A second question raised by claimant was the contention that he had been denied due process of law by the failure of the Commission to rule upon a second motion for rehearing which he had filed after the entry of the above-mentioned loss of earning capacity award. In discussing this contention, the Court noted that the Commission did have jurisdiction, before the filing of claimant's petition for writ of certiorari, to consider and rule upon his second motion for rehearing; that a ruling on this second motion for rehearing was not a prerequisite to petitioner's right to petition for review by certiorari; but that "the effect [of the filing of the petition for writ of certiorari] was to waive further action on the second petition [ motion for rehearing] *and oust the Commission of any jurisdiction to proceed further.*" (Emphasis added).

All of the Arizona Supreme Court's remarks in Wammack concerning the divesting of the Commission's jurisdiction pending the appellate review are set forth in the above quote. If we consider the Arizona Supreme Court's remarks as a direct holding on the jurisdictional question, it is readily apparent that the remarks were directed to divesting the Commission of jurisdiction to consider the second motion for rehearing—a motion dealing with issues identical to the subject matter of the pending review. The facts in Wammack present a classic setting for the application of the general principle that the lower tri-

bunal should be divested of jurisdiction to proceed on matters which are directly involved in, or the subject matter of the pending review. Any further consideration by the Commission of the second motion for rehearing would have constituted a direct intrusion upon the appellate jurisdiction of the reviewing court. We find nothing in Wammack which would preclude this Court from reaching a different result where review of an intermediate award is involved, and the continued exercise of jurisdiction by the Commission would not affect matters directly involved in, or the subject matter of, the pending review.

The only other Arizona Supreme Court decision of which we are aware which considers the continuing jurisdiction of the Industrial Commission pending review of one of its awards is Beck v. Hartford Accident & Indemnity Co., 107 Ariz. 476, 489 P.2d 710 (1971). In Beck the claimant had filed a special action in the Arizona Supreme Court seeking to compel the carrier to continue payment of compensation pending this Court's review of an award entered by the Industrial Commission. In its opinion on the special action proceeding, the Arizona Supreme Court remarked:

"We have also stated that a writ of certiorari to review the lawfulness of an award divests the Commission of jurisdiction to proceed further." 107 Ariz. at 478–479, 489 P.2d at 712.

In Beck the question of the Industrial Commission's continuing jurisdiction was not actually involved in the special action proceeding, the Industrial Commission not even being a party before the court. The statement was made in the opinion for the purpose of lending support to the Court's conclusion that an award from which a party is appealing should be suspended pending review. It must be observed that this conclusion is not in conflict with the principle we here adopt, dealing as it does with the question of the Commission's continuing jurisdiction to enforce the exact award which is on appeal.

Having found no prior Arizona Supreme Court decisions which have reached a result, or which have contained reasoning contrary to our proposed disposition of the jurisdictional question pending before this Court, we now consider prior decisions of the Court of Appeals dealing with the Commission's continuing jurisdiction pending review. As a threshold matter, we note that while we would not be absolutely bound by prior Court of Appeals decisions, the principle of *stare decisis* and the need for stability in the law in order to have an efficient and effective functioning of our judicial machinery dictate that we consider decisions of coordinate courts as highly persuasive and binding, unless we are convinced that the prior decisions are based upon clearly erroneous principles, or conditions have changed so as to render these prior decisions inapplicable.

The earliest Court of Appeals decision touching upon this question is Godwin v. Industrial Commission, 10 Ariz.App. 532, 460 P.2d 203 (1969). There, after the Commission had entered its award, but before the filing of a petition for writ of certiorari, the claimant filed a second motion for hearing and a petition to reopen, both based upon the contention that the Commission should have considered certain evidence relating to a social security hearing examiner's decision. The Court affirmed the award, noting that the disputed evidence had not been tendered to the Commission at the time it entered its order denying review of the award. As to the pending second petition for hearing and the petition to reopen, the Court refused to express any opinion, noting that these had not been ruled upon by the Commission for the "reason that the claimant's petition for writ of certiorari divested the Commission of jurisdiction to proceed further." A similar issue was involved in Motorola v. Industrial Commission, 13 Ariz.App. 395, 477 P.2d 269 (1970). There the facts showed that the Commission had issued an award with a 30 day clause. The claimant first filed a motion for rehearing, and then upon the failure of the Commission to rule

upon its motion for rehearing, timely filed a petition for writ of certiorari to review the Commission's award. The Court of Appeals stated:

"Once, however, petitioner applied to this Court for review, the petitioner in effect chose not to wait for the Commission's ultimate ruling on its petition for rehearing, but rather to remove jurisdiction of the claim ·to this Court. . ᠂ . ", 13 Ariz.App. at 397, 477 P.2d at 271.

citing Wammack, *supra.* From the foregoing it is readily apparent that the Court of Appeals decisions in Godwin and Motorola, *supra,* involve factual situations substantially identical to that involved in the Arizona Supreme Court's decision in Wammack, *supra,* and for the reasons above-stated, the result which we here adopt is not in conflict with those decisions.

The two remaining Court of Appeals decisions which have some pertinency are those cited in petitioner's motion. In Greer v. Industrial Commission, 20 Ariz. App. 559, 514 P.2d 512 (1973), the facts show that the claimant had filed a petition to reopen prior to the filing of her petition for writ of certiorari seeking review of a prior Commission award finding that she had suffered no permanent disability as the result of her industrial injury. Subsequent to the filing of her petition for writ of certiorari, and while that matter was pending before this Court, the Commission considered her petition to reopen and entered an award concerning that petition. On subsequent review by certiorari of the Commission's award concerning the petition to reopen, the carrier took the position that the Commission lacked jurisdiction to consider the petition to reopen because of the then pending review of the prior award. Inasmuch as the facts showed that the petition to reopen sought to raise questions relating to the extent of the claimant's disabilities, the Court of Appeals correctly applied the Wammack and Beck principles, *supra,* and held that the Commission in fact lacked jurisdiction.

We now consider the latest decision of the Court of Appeals, Terrell v. Industrial Commission, 21 Ariz.App. 139, 517 P.2d 97 (1973). In Terrell, the claimant filed a petition to reopen on May 14, 1971, alleging new, additional and previously undiscovered injuries resulting from the industrial injury. Four days prior thereto, on May 10, 1971, he had filed in this Court his petition for writ of certiorari seeking review of the Commission's decision which awarded him temporary compensation benefits, raising only one issue—whether the corporate identity of his employer was legally sufficient to protect its shareholders from liability. Subsequently, and while review on this one issue was pending in this Court, the Commission processed his petition to reopen and entered an award relating thereto. After the filing of the Commission's award on the petition to reopen, the claimant filed a new petition for writ of certiorari in this Court seeking review of the Commission's award concerning the petition to reopen. On these facts, Department A of this Court set aside the Commission's award on the petition to reopen, holding that the filing of the May·10, 1971 petition for writ of certiorari divested the Commission of authority to hear the petition to reopen.

While it could be said that the Terrell decision is not in conflict with the result we propose here because Terrell involves a petition to reopen filed after a final award, rather than an appealable intermediate award, we believe that any attempt to distinguish Terrell on that basis is unrealistic. We have stated that the filing of a petition for writ of certiorari to review the average monthly wage award did not deprive the Commission of jurisdiction to continue processing the claim *with regard to matters not directly involved in or the subject matter of the pending review.* Conversely, the test might be stated as follows: If the subsequent proceeding involves issues directly involved in, or the subject matter of the pending review, then the Commission has no jurisdiction. While generally a petition to reopen filed while review is pend-

ing from a final award might fail to meet this test, it is apparent that under the facts in Terrell there was no possibility that the exercise of jurisdiction by the Commission concerning the petition to reopen could conflict with this Court's then pending review jurisdiction. The only issue on the pending review was the possibility of stockholder liability for the claimant's already established temporary disability. The issue in the petition to reopen was a claimed subsequent change in condition with the possibility of additional compensation. Therefore the Court's holding in Terrell is contrary to the basic rationale of our holding in this case, and to that extent we decline to follow it.

▮▮▮ The continuing and peculiar nature of the Industrial Commission's jurisdiction insofar as concerns workmen's compensation matters is readily apparent from our statutes. In decisions such as Talley, *supra,* Pedigo, *supra,* and Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969), the Arizona Supreme Court has recognized that this continuing jurisdiction necessitates that certain intermediate orders be accorded appealable status. In view of these decisions we cannot believe that the Arizona Supreme Court intended to unnecessarily restrict the Commission's jurisdiction pending review of these intermediate awards. We have previously referred to the Arizona Supreme Court's decision in O'Hair, *supra,* and the continuing jurisdiction vested in the trial court in domestic relations cases in view of A.R.S. § 25–321. Similar continuing jurisdiction is vested in the Industrial Commis-

sion by reason of the provisions of A.R.S. §§ 23–1044E and 23–1061H relating to petitions to reopen and in our opinion the principles applicable in domestic relations proceedings are to an even greater extent applicable in the processing of workmen's compensation claims. These principles necessitate that any restrictions on the continuing jurisdiction of the Commission pending appellate review be minimized.[2]

In Terrell v. Industrial Commission, *supra,* Department A of this Court, after holding that the Commission lacked jurisdiction, indicated that any remedy would have to be by statute. We are not certain what remedy the Court in Terrell had in mind. From the decisions and authorities we have cited above, it is apparent that in general the principles limiting the trial court's continuing jurisdiction pending appellate review have been developed and shaped by court decision rather than by statutory enactment. Perhaps the Terrell Court had in mind some other possibility such as a statutory overruling of the intermediate appeal principles enunciated in the Talley and Russell decisions, *supra.* In any event, it is our opinion that under existing Arizona statutes and case law the determination of the limits of the Commission's continuing jurisdiction pending review remains a question for decision by the courts, and that this question can and should be resolved by applying the principles previously discussed herein without any necessity for legislative intervention.

▮▮▮ Under our statutory scheme, in the processing of a workmen's compensation claim the Commission is charged with

2. An indication of the need for continuing Commission jurisdiction is found in the provisions of A.R.S. § 23–1071. If the Commission has no jurisdiction, how will an applicant receiving benefits pending review be able to leave the state for medical treatment or personal emergency without forfeiting his right to benefits? Likewise, A.R.S. § 23–1062 relating to the payment of medical, surgical and hospital benefits indicates a need for continuing jurisdiction. These benefits accrue to the claimant without regard to any

pending question concerning his average monthly wage, and the claimant should be able to enforce his right to these benefits pending review. Similarly, A.R.S. § 23–952 and Beck v. Hartford Accident & Indemnity Co., *supra,* impliedly recognize jurisdiction in the Commission to enforce its prior final orders pending review of a later order. These are but a few of the many illustrations of the need for continuing jurisdiction readily apparent from a perusal of the workmen compensation statutes.

**474**

two basic functions, (1) the general administration of all aspects of a claim, and (2) the adjudication of disputes which may arise between the claimant and the insurance carrier. Rarely should a pending review divest the Commission of jurisdiction in the general administration area of its function. In the adjudication area of its function, the loss of jurisdiction should be determined by application of the general principles applicable to all litigation, modified to the extent required by the peculiar nature of the Commission's continuing jurisdiction.

For the reasons stated in this opinion, we hold that the Commission had continuing jurisdiction and therefore petitioner's motion to remand is denied.

JACOBSON, C. J., DIVISION 1, concurs.

EUBANK, Judge (specially concurring).

I was one of the concurring judges in the Terrell v. Industrial Commission, *supra,* opinion. Since I concur in this opinion, it is necessary that I state my reasons.

First, I found the Terrell approach very attractive since it solves the jurisdictional problem raised by matters on review by establishing a clear line of demarcation between the jurisdiction of the Commission and the Court of Appeals. Second, I found the opinion helpful in pointing out that the problem arises from legislative obtuseness and should be solved by legislative action rather than by judicial action. However, after reading Judge Haire's fine analysis of the problem, I am convinced that he is correct and that, much as it is to be desired, there is no simple answer to this jurisdictional problem. Each case must be measured on the scale described above.

It is hoped that our Supreme Court will consider this question and once and for all put it to rest.