NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

COREY HUDSON, *Appellant*.

No. 1 CA-CR 23-0401

FILED 12-10-2025

Appeal from the Superior Court in Maricopa County
No. CR2017-001761-001
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Johnny Jacquez
*Counsel for Appellee*

Sandra Day O'Connor College of Law, Post-Conviction Clinic, Phoenix
By Randal McDonald, Robert J. Dormady, Andi Humphreys,
Connie Que and Erica Gaither (certified limited practice students)
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge David D. Weinzweig and Judge Cynthia J. Bailey joined.

---

**P E R K I N S**, Judge:

**¶1**        Corey Hudson appeals from the denial of his petition to expunge all records related to his convictions for the sale of marijuana. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        In 2019, Hudson was convicted of three counts of "Sale or Transportation of Marijuana" for selling marijuana to an undercover police officer. *See* A.R.S. § 13-3405(A)(4).

**¶3**        In 2020, Arizona voters adopted Proposition 207, the Smart and Safe Arizona Act ("the Act"), Arizona Revised Statutes Sections 36-2850 to -2865. The Act decriminalized certain marijuana-related offenses and authorized the expungement of related records. A.R.S. §§ 36-2852, -2862(A). In 2021, Hudson unsuccessfully petitioned to expunge his convictions. In 2023, Hudson filed a second petition to expunge his convictions. After an evidentiary hearing, the court denied his second petition because the convictions were "active sales of marijuana [and] [t]herefore . . . [were] not eligible for expungement."

**¶4**        Hudson timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(3), and 36-2862(F).

## DISCUSSION

**¶5**        "We review the denial of a petition to expunge for an abuse of discretion, but review questions of statutory interpretation *de novo*." *State v. Bouhdida*, 258 Ariz. 542, 544, ¶ 7 (App. 2024) (emphasis added).

**¶6**        Hudson was convicted for violating Section 13-3405(A)(4), which prohibits "[t]ransport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana." A.R.S. § 13-3405(A)(4). The Act makes eligible for

expungement arrests, charges, adjudications, convictions, and sentences for "[p]ossessing, consuming or transporting two and one-half ounces or less of marijuana." A.R.S. § 36-2862(A)(1).

**¶7**        This Court in *State v. Sorensen* held that a conviction for solicitation to commit possession of marijuana for sale was expungable under Section 36-2862(A)(1) of the Act, which lists "possessing" marijuana as expungement-eligible. 255 Ariz. 316, 320, ¶ 11 (App. 2023). The court concluded that Section 36-2862(A)(1) "allow[s] expungement of sale-related qualifying offenses." *Id.*

**¶8**        In his opening brief, Hudson argued his conviction for the sale of marijuana under Section 13-3405(A)(4) was expungable as a sale-related qualifying offense under *Sorensen*. He argued that because Section 13-3405(A)(4) also prohibits the "transport for sale" of marijuana, his conviction was related to the expungement-eligible offense of "transporting" marijuana. *See* A.R.S. § 36-2862(A)(1).

**¶9**        After Hudson filed his opening brief, this Court issued *State v. Bouhdida* holding that convictions for the sale of marijuana under Section 13-3405(A)(4) are not eligible for expungement under the Act. 258 Ariz. at 546, ¶ 17. In *Bouhdida*, it was undisputed that the defendants were convicted "of sale (not transportation) of marijuana." *Id.* at 544, ¶ 3. The court affirmed the denial of the defendants' expungement petitions because the Act does not list "the sale of marijuana" as an expungement-eligible offense, and "*Sorensen* did not expand the scope of expungement-eligible offenses beyond those listed in the statute." *Id.* at 546, ¶ 17.

**¶10**        *Bouhdida* is directly on point. Like in *Bouhdida*, Hudson's convictions were indisputably for the sale, not transportation, of marijuana under Section 13-3405(A)(4). The final jury instructions required the jurors to find that Hudson "knowingly sold marijuana." And Hudson confirmed at the evidentiary hearing that he was convicted of selling marijuana, not transporting it. Because "the sale of marijuana" is not eligible for expungement, the superior court did not err by denying Hudson's petition to expunge on the basis that the convictions were "active sales of marijuana." *Bouhdida*, 258 Ariz. at 546, ¶ 17.

**¶11**        Because *Bouhdida* is on point, we will affirm unless *Bouhdida* was "based upon clearly erroneous principles, or conditions have changed so as to render [it] inapplicable." *Castillo v. Indus. Comm'n.*, 21 Ariz. App. 465, 471 (1974); *see also Wells v. Fell*, 231 Ariz. 525, 528, ¶ 11 (App. 2013) (we only overrule precedent "for compelling reasons . . . something more than

that a prior case was wrongly decided" (cleaned up)). That is not the case here.

**¶12**　　　　In his reply brief, Hudson argues *Bouhdida* wrongly concluded that the list of expungement-eligible offenses in the Act is exhaustive, not illustrative. *See Bouhdida*, 258 Ariz. at 544, ¶ 9. He cites *Sorensen* for support. But *Sorensen* did not expand the scope of expungement-eligible offenses beyond those listed in the statute; rather, it held that "possession for sale" fell within the Act's enumerated expungement-eligible offense of "possessing" marijuana. 255 Ariz. at 319–20, ¶¶ 9–12.

**¶13**　　　　Hudson also argues that *Bouhdida* did not answer whether Section 13-3405(A)(4) was a unified offense. He contends that Section 13-3405(A)(4) is a "single unified offense" statute, meaning there is more than one way to commit the offense and does not require the jury to specify which way. And thus all convictions under Section 13-3405(A)(4) must be expungement-eligible because there is no way to know whether a defendant was convicted for transporting marijuana or for selling it. We need not decide whether Section 13-3405(A)(4) is a unified offense because the jury instructions make clear that Hudson was found guilty of the sale of marijuana, not transportation.

## CONCLUSION

**¶14**　　　　We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　JR